No. 122,719

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES E. ROWELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

A 60-1507 motion is subject to a one-year filing limitation from the date the mandate issued in a direct appeal. That date "may be extended by the court only to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). The court may consider a movant's reasons for failing to timely file a 60-1507 motion when determining whether the manifest injustice exception applies.

2.

Barring a claim before it arises constitutes manifest injustice warranting an extension of the one-year limitation period in which to file a second motion under K.S.A. 60-1507 for the purpose of challenging counsel's representation in a prior 60-1507 proceeding.

3.

The one-year period for filing a 60-1507 motion to challenge counsel's representation in a prior 60-1507 proceeding begins when the mandate issued on that prior 60-1507 proceeding.

1

4.

The prison mailbox rule deems a motion to be filed on the date a prisoner gives a document to authorities to mail, rather than on the date the clerk of court stamps it as filed.

5.

Under the prison mailbox rule, we consider the date on the prisoner's certificate of service to be the date the prisoner gives the document to the authorities to mail, when the State presents no evidence to the contrary.

Appeal from Geary District Court, BENJAMIN J. SEXTON, judge. Opinion filed June 4, 2021. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Michelle L. Brown*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

GARDNER, J.: James Edward Rowell was convicted of felony offenses in 2003. When he later filed a K.S.A. 60-1507 motion, the district court appointed Rowell counsel and held a preliminary hearing. At that hearing, Rowell's counsel conceded that the motion was untimely and did not argue that any exception applied to render it timely. The district court dismissed Rowell's motion as untimely, and we affirmed that decision on appeal. About a year later, Rowell filed a second K.S.A. 60-1507 motion challenging the effectiveness of his K.S.A. 60-1507 counsel. The district court summarily dismissed it as untimely. Rowell now appeals, arguing his second 60-1507 motion was timely since he filed it within one year from the date of the mandate on his first K.S.A. 60-1507 motion. Agreeing that Rowell's motion was timely, we reverse and remand for further proceedings.

2

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Rowell pleaded no contest to attempted first-degree murder, aggravated robbery, and aggravated kidnapping. Rowell was 17 years old when he committed these crimes, but he was certified for adult prosecution under K.S.A. 2003 Supp. 38-1636. The district court sentenced Rowell to 310 months' imprisonment—a presumptive sentence. Rowell filed a direct appeal, but we dismissed it based on a lack of jurisdiction over Rowell's presumptive prison sentence. See *State v. Rowell*, No. 92,560, 2005 WL 824101, at *1 (Kan. App. 2005) (unpublished opinion) (*Rowell I*). We issued the mandate on May 16, 2005.

In January 2011, Rowell filed a pro se motion to correct an illegal sentence, arguing the district court had lacked jurisdiction to sentence him because it had improperly certified him as an adult. The district court summarily denied the motion. We affirmed that denial, finding that substantial competent evidence supported the certification decision and that the district court properly considered the necessary statutory factors. *State v. Rowell*, No. 106,713, 2012 WL 4794652, at *3 (Kan. App. 2012) (unpublished opinion) (*Rowell II*); see K.S.A. 2003 Supp. 38-1636(e).

In July 2014, Rowell filed his first K.S.A. 60-1507 motion, arguing he had received ineffective assistance of counsel at trial. The district court appointed him counsel—Allison English—and conducted a status hearing. Rowell was not present at the hearing. English conceded that Rowell's 60-1507 motion was untimely:

> "Your Honor, I don't believe that he was trying to act frivolous in any way, because the opinion is talking about the certification. And now his claims for the 1507 is based on . . . what he feels was ineffective in the certification process. But I still do feel that it's just out of time."

The district court summarily dismissed Rowell's 60-1507 motion as untimely. We affirmed, finding Rowell filed his motion nine years after the mandate issued in his direct appeal, thus exceeding the one-year time limit in K.S.A. 60-1507(f)(1). *Rowell v. State*, No. 115,711, 2017 WL 4216152, at *6 (Kan. App. 2017) (unpublished opinion) (*Rowell III*). We also concluded that Rowell "did not affirmatively assert manifest injustice, and all of his claims were without merit." 2017 WL 4216152, at *6. We issued that mandate on September 13, 2018.

On October 17, 2019, the court filed Rowell's second K.S.A. 60-1507 motion—the motion he now appeals. This second 60-1507 motion asserts that his previous counsel, English, was ineffective for conceding the untimeliness of his first 60-1507 motion and abandoning his legal claims. Although Rowell did not specifically address timeliness, he listed the date of this court's decision in *Rowell III* as the date of his direct appeal, thus implying he had one year from the mandate in *Rowell III* to file the second 60-1507 motion.

The district court summarily dismissed Rowell's second 60-1507 motion as untimely. It considered both possible mandate dates—the 2005 mandate from Rowell's direct appeal and the 2018 mandate from Rowell's first 60-1507 motion—and found that Rowell's motion was untimely under either:

> "The current 60-1507 is filed almost 14 years after the Mandate issued in the original appeal from the State of Kansas vs. James E. Rowell, 2002-CR-736. The Court finds therefore, that the 60-1507 is filed beyond the one (1) year time limit. That the Plaintiff makes the argument that the time limit should actually begin on September 20, 2018 in regard to the appeal of Geary County Case Number 2014-CV-175. The Court dismisses this argument and would point out that the current appeal filed on October 17, 2019, filed beyond the one (1) year time limit of the Mandate issued on September 20, 2018. The Court finds once again that there is no assertion of any manifest injustice or any indicia that the Plaintiff, James E. Rowell, has a colorable claim of actual innocence."

4

Rowell timely appeals the court's dismissal of his second 60-1507 as untimely.

ANALYSIS

Rowell tacitly concedes that his second 60-1507 motion was filed years after this court issued its 2005 mandate in his direct appeal. See K.S.A. 2020 Supp. 60-1507(f)(1)(A). Yet he argues that his second motion, which attacked the effectiveness of counsel in his first 60-1507 motion, was timely because it was filed within one year after the 2018 mandate issued in his first 60-1507 motion. We agree.

STANDARD OF REVIEW

When the trial court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). "'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*We Start the Clock from the Mandate in the First 60-1507 Motion.*

K.S.A. 2020 Supp. 60-1507(f)(1), as applicable here, provides:

"(1) Any action under this section must be brought within one year of:
    (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction."

5

We typically use the date the appellate mandate issues as the date that jurisdiction terminates on a direct appeal. The State contends we should do so here. Under that analysis, because the mandate on Rowell's direct appeal issued in 2005, Rowell's second 60-1507 motion, filed in 2019, would be untimely.

But Rowell maintains that we should start the clock for his second 60-1507 motion within one year of the mandate issued in his first 60-1507 case, making it timely. We agree.

Our cases have not been consistent in addressing this issue when a second 60-1507 alleges ineffective assistance of prior 60-1507 counsel. In *Wilson v. State*, No. 112,558, 2015 WL 8590325 (Kan. App. 2015) (unpublished opinion), the panel assumed that the denial of the first K.S.A. 60-1507 motion started the one-year clock:

> "Wilson had a right to effective counsel in the evidentiary hearing held on his previous habeas claim. See *Robertson v. State,* 288 Kan. 217, 228, 201 P.3d 691 (2009). Regarding timeliness, for the purposes of this decision, we assume that a defendant may bring a claim under K.S.A. 60-1507 regarding the effectiveness of the defendant's attorney in a habeas evidentiary hearing within 1 year of the conclusion of the initial habeas case." 2015 WL 8590325, at *2.

The Wilson panel thus assumed that a 60-1507 claim for ineffectiveness of counsel on a prior habeas motion could be timely filed within one year from the mandate on the first 60-1507.

But a different panel of our court rejected that reading of the statute. In *Overton v. State*, No. 111,181, 2015 WL 1636732, at *2-3 (Kan. App. 2015) (unpublished opinion), the panel found that the plain language of "direct appeal" in K.S.A. 60-1507(f) refers to the appeal from the judgment of conviction, not a collateral attack as in a 60-1507 proceeding. But under that reasoning, a prisoner who had ineffective assistance of

6

counsel in a 60-1507 motion would likely be time-barred from bringing it, as a collateral attack follows a direct appeal. The *Overton* panel also reasoned that using the mandate from the first 60-1507 would encourage repetitive motions, conflicting with K.S.A. 60-1507(c), which prevents a district court from having to hear successive habeas corpus motions. 2015 WL 1636732, at *3. But that subsection states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2020 Supp. 60-1507(c). And we have considered a claim of ineffective assistance of counsel based on and arising after a movant filed his original K.S.A. 60-1507 motion not successive, applying Kansas Supreme Court Rule 183(d) (2021 Kan. S. Ct. R. 239). *Logan v. State*, No. 122,215, 2020 WL 6108529, at *4 (Kan. App. 2020) (unpublished opinion). Rowell's second 60-1507 motion raised a different ground for relief—that his first 60-1507 counsel was ineffective—and thus would not be successive under *Logan*'s analysis.

A third rationale of our court is to apply the manifest injustice exception to the one-year rule. The Logan panel found that "a timely collateral attack alleging ineffective assistance of habeas corpus counsel might constitute manifest injustice and serve as a basis for tolling the one-year time limitation for filing a habeas corpus motion." 2020 WL 6108529, at *3. The 60-1507 statute provides that the one-year filing limit from the date the mandate issued in a direct appeal "may be extended by the court only to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). The factors a court may consider when determining whether the manifest injustice exception applies are "(1) a movant's reasons for the failure to timely file the motion . . . or (2) a movant's claim of actual innocence." *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018).

An inquiry into the manifest injustice of barring a second collateral proceeding necessarily involves a consideration of the time frame in which the second collateral proceeding is brought. See *State v. Cox*, No. 104,292, 2011 WL 6382755, at *3-4 (Kan. App. 2011) (unpublished opinion) (finding no manifest injustice to excuse time limit

7

given unexplained, three-year delay in seeking habeas review of attorney's error in prior habeas proceeding); *Pouncil v. State*, No. 98,276, 2008 WL 2251221, at *6-7 (Kan. App. 2008) (unpublished opinion) (finding no manifest injustice to excuse time limit given unexplained delay of over five years in seeking habeas review of attorney's error in prior habeas proceeding).

Rowell's reason for not filing his second 60-1507 motion within one year after the mandate in his direct appeal is obvious—his claim had not yet arisen. Any attempt by Rowell to challenge the representation of his counsel in a collateral proceeding would necessarily have occurred after the limitation period of K.S.A. 60-1507(f)(1) had run, since his first 60-1507 proceeding did not terminate until its mandate was issued in 2018, long after the 2005 mandate had issued in his direct appeal. "Barring a claim before it arose clearly would constitute a manifest injustice warranting an extension of the 1-year limitation period in which to file a second motion under K.S.A. 60-1507 for the purpose of challenging appellate representation in the preceding 60-1507 proceeding." *Pouncil*, 2008 WL 2251221, at *5. We adopt that approach here and find that Rowell's one-year period for filing a second 60-1507 to challenge his counsel's representation in his first 60-1507 proceeding began when the mandate issued on that first 60-1507 motion. To do otherwise would deprive a movant of any way to raise a claim of ineffectiveness of 60-1507 counsel.

*Rowell's Motion Was Filed Within One Year of the Mandate, per the Mailbox Rule.*

The district court found that the one-year deadline for 60-1507 motions runs from the mandate in the direct appeal, as the statute says. But it also held that even if the deadline starts from the later mandate denying Rowell's first 60-1507, Rowell's motion was untimely.

Rowell, like the district court, incorrectly states that the mandate from his first 60-1507 motion issued on September 20, 2018. But the record shows that this court issued that mandate on September 13, 2018, so we use that date in addressing Rowell's claims. The district court held that "the current appeal [was] filed on October 17, 2019, filed beyond the one (1) year time limit of the Mandate issued on September 20, 2018." The district court thus considered the filing date of Rowell's second 60-1507 motion to be the date that the motion was file-stamped at the district court. And that is generally the date we use to determine when a document is filed. But Rowell claims this was error because the district court should have used the prison mailbox rule. We agree.

Rowell, who was a prisoner in 2019, argues that the prison mailbox rule applies and that his second 60-1507 motion was timely because its certificate of service date of August 5, 2019, is deemed to be the filing date. He does not assert manifest injustice here.

The prison mailbox rule deems a motion filed on the date a prisoner gives a document to authorities to mail, rather than on the date the clerk of court stamps it as filed.

> "This rule deems a prisoner's pro se documents 'filed' when he or she submits them to prison authorities for mailing. See *Wilson v. State*, 40 Kan. App. 2d 170, 175, 192 P.3d 1121 (2008) (applying prison mailbox rule to 60-1507 motion); see also *Houston v. Lack*, 487 U.S. 266, 274-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (applying prison mailbox rule to habeas petition under 28 U.S.C. § 2254 [2012]).
>
> "We agree. Under this rule, we consider Wahl's 60-1507 motion to be filed as of December 20, 2011, especially when the State has presented no evidence to controvert the validity of this date contained in Wahl's certificate of service. Based on this filing date, Wahl's motion was timely under K.S.A. 60-1507(f)(1). Accordingly, the district court erred by summarily denying Wahl's motion as untimely." *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015).

See *Logan*, 2020 WL 6108529, at *3 (using the date the prisoner signed the motion because it was unclear when the prisoner delivered the motion to prison authorities).

The State does not address the mailbox rule or the holding in *Wahl*. Rather, it argues only that the one-year time limit runs from the date of the mandate on direct appeal. The State thus presents no evidence to controvert the validity of the date on Rowell's certificate of service. Following *Wahl*, we apply the mailbox rule here.

Under the prison mailbox rule, we consider the date on Rowell's certificate of service—August 5, 2019—to be the date his 60-1507 motion was filed. The mandate from his first 60-1507 issued September 13, 2018; thus, Rowell's second 60-1507, deemed to be filed less than one year later, was timely. We thus find Rowell's second 60-1507 motion to be timely and remand it for further proceedings.

Reversed and remanded for further proceedings.