NOT DESIGNATED FOR PUBLICATION

No. 125,860

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ISAAC LOUIS LITTLE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Submitted without oral argument. Opinion filed February 9, 2024. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., COBLE and PICKERING, JJ.

PER CURIAM: Issac Little appeals from the district court's summary denial of his second K.S.A. 60-1507 motion. In his present appeal, he contends that the district court erred in summarily denying his most recent K.S.A. 60-1507. Based on our review of the motion, files, and record on appeal, we find that the district court appropriately denied the majority of the claims stated in his second K.S.A. 60-1507 motion on the ground that they are successive. Further, although his claim that his first K.S.A. 60-1507 counsel was ineffective is new, a review of the motion reveals that it to be conclusory and that there has been no showing of prejudice. Thus, we affirm.

1

In 2010, a jury convicted Little of attempted second-degree murder, rape, four counts of aggravated criminal sodomy, two counts of aggravated battery, two counts of aggravated robbery, aggravated burglary, criminal threat, and kidnapping for crimes committed in May 2009. A panel of this court affirmed his convictions on direct appeal. Moreover, the Kansas Supreme Court denied Little's petition for review. *State v. Little*, No. 104,794, 2012 WL 3000342 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013).

Subsequently, Little filed his first K.S.A. 60-1507 motion in which he asserted a number of claims including ineffective assistance of trial counsel. Although the record is thin regarding what occurred in relation to Little's first K.S.A. 60-1507, it does reveal that his first K.S.A. 60-1507 counsel was successful in having the district court set aside his kidnapping conviction, and the State did not appeal. Although he had partially prevailed on his first K.S.A. 60-1507, Little appealed those rulings that went against him, and a panel of this court affirmed the district court. *Little v. State*, No. 119,775, 2019 WL 3850608 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 892 (2020).

On March 31, 2021, Little filed a second K.S.A. 60-1507 motion that is the subject of this appeal. In this motion, he again asserts that his trial counsel was ineffective and asserts an instructional issue. However, he does not attempt to show exceptional circumstances to justify a successive motion. In addition, he claims that his first K.S.A. 60-1507 counsel was also ineffective but does not assert that he suffered prejudice or claim that the result would have been different but for the alleged ineffectiveness of his first K.S.A. 60-1507 attorney.

The district court summarily denied Little's second K.S.A. 60-1507 motion. In doing so, the district court found the motion to be successive. Specifically, it found that

some of the issues had been previously raised and those that had not been "could have been raised in his first K.S.A. 60-1507 motion." Little then filed a motion to reconsider pointing out his claim that his first K.S.A. 60-1507 counsel was ineffective was new and could not have been raised in his first motion. Finding this claim to lack merit, the district court denied the motion to reconsider.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily denying Little's second K.S.A. 60-1507 motion. In reviewing a district court's summary denial of a K.S.A. 60-1507, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). The movant—in this case Little—bears the burden of establishing that an evidentiary hearing is warranted. To meet this burden, the movant's contentions must be more than conclusory and must set forth either an evidentiary basis to support those contentions or a basis must be evident from the record. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

Here, it is undisputed that Little previously filed a K.S.A. 60-1507 motion. District courts are not "required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2022 Supp. 60-1507(c). The movant is presumed to have listed all of the grounds for relief in the motion. As a result, a subsequent motion on issues that were or could have been raised in the prior motion need not be considered without a showing of exceptional circumstances justifying the original failure to list a ground. *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013). A movant bears the burden of establishing exceptional circumstances—which are unusual events or intervening changes in the law—to avoid dismissal of a successive K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304.

3

Based on our review of the motion, files, and record on appeal, we find that Little fails to allege any exceptional circumstances to justify the inclusion of claims in his most recent K.S.A. 60-1507 motion that were or could have been asserted in his first K.S.A. 60-1507 motion. Consequently, we conclude that the district court was correct in summarily denying most of the claims asserted in Little's second K.S.A. 60-1507 motion on the grounds that they are successive. However, we do agree with Little that his claim that his first K.S.A. 60-1507 attorney was ineffective is properly before us for review under the standard of review as set forth above. See Kansas Supreme Court Rule 183(d) (2023 Kan. S. Ct. R. at 243); *Rowell v. State*, 60 Kan. App. 2d 235, 239, 490 P.3d 78 (2021).

An ineffective assistance of counsel claim can be established if the movant meets the test laid out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on an effective assistance of counsel claim and prove reversible error, the movant must show both that: (1) counsel's performance was deficient under the totality of the circumstances and (2) the defendant suffered prejudice because of that performance. *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019). When reviewing trial counsel's representation of the movant, an appellate court should be deferential of counsel's performance and presume that counsel provided "'reasonable professional assistance.'" *Holmes v. State*, 292 Kan. 271, 275, 252 P.3d 573 (2011).

In the present case, we find that it is appropriate to first review the prejudice prong of the *Strickland* test. As the United States Supreme Court has held, an ineffective assistance of counsel claim can be denied "solely on that ground if the defendant failed to establish that [the movant] suffered prejudice." *Edgar v. State*, 294 Kan. 828, 843, 283 P.3d 152 (2012) (citing *Strickland*, 466 U.S. at 697). In other words, if there has been no prejudiced suffered because of the alleged ineffective performance of counsel, it is not— as a matter of law—reversible error.

4

A review of the motion, files, and records reveals that Little made no claim that he suffered prejudice as a result of the performance of his first K.S.A. 60-1507, nor do we find prejudice to be evident in the record on appeal. In fact, we see in the record that Little's first K.S.A. 60-1507 was successful in getting his kidnapping conviction set aside and the State did not appeal. We also find that Little does not argue—much less show—that the result of his prior motion would have been any different but for the alleged ineffective performance by his first K.S.A. 60-1507 attorney. Instead, he merely makes conclusory allegations and stops after noting the issues he believes his prior counsel should have raised.

In summary, we find that all of the claims asserted in Little's second K.S.A. 60-1507 motion are barred on the ground that they are successive with the exception of his claim that his first K.S.A. 60-1507 attorney was ineffective. As to that claim, we find that the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. We, therefore, affirm the district court.

Affirmed.