NOT DESIGNATED FOR PUBLICATION

No. 126,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID LAWRENCE SMITH,
*Appellant*

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Atchison District Court; GEOFFREY SONNTAG, judge. Submitted without oral argument. Opinion filed September 13, 2024. Affirmed.

*Hale G. Weirick*, of Perry & Trent, LLC, of Bonner Springs, for appellant, and *David L. Smith*, appellant pro se.

*Sherri L. Becker*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: David Lawrence Smith was convicted of three counts of aggravated indecent liberties with a child. In 2016, Smith filed his first K.S.A. 60-1507 motion. This court affirmed the district court's denial of that motion and declined to review the merits of Smith's sufficiency of the evidence claim partly because he had failed to include trial transcripts in the record on appeal. We now review Smith's second K.S.A. 60-1507 motion, which alleges in part that his first 60-1507 counsel was ineffective for failing to attach trial transcripts. We affirm the district court's summary dismissal of this motion as untimely.

1

*Factual and Procedural Background*

Smith was convicted of one count of aggravated indecent liberties with a child under 14 years of age and two counts of aggravated indecent liberties with a child over 14 years of age but less than 16 years of age. A panel of this court affirmed Smith's convictions but divided over how to calculate Smith's criminal history score. *State v. Smith*, No. 109,165, 2015 WL 1122951 (Kan. App. 2015) (unpublished opinion). On review, the Kansas Supreme Court vacated the panel's holding classifying Smith's Michigan conviction for felonious assault as a nonperson felony and remanded the issue to this court for reconsideration in light of *State v. Keel*, 302 Kan. 560, 589-90, 357 P.3d 251 (2015). On remand, this court affirmed the district court's calculation of Smith's criminal history score. *State v. Smith*, No. 109,165, 2016 WL 2842210 (Kan. App. 2016) (unpublished opinion).

Smith then filed his first K.S.A. 60-1507 motion. It raised half a dozen claims, including:  (1) the transcripts and legal documents were altered; (2) he was denied his constitutional right to a public trial; (2) the State failed to present sufficient evidence to support his guilty verdicts; (4) trial counsel, John Kurth, provided ineffective assistance of counsel; (5) Kurth violated Smith's right against self-incrimination; and (6) the jurors' verdicts were inconsistent. The district court held an evidentiary hearing, found that Smith presented only conclusory statements, and denied his motion.

A panel of this court affirmed that denial of Smith's first 60-1507 motion. *Smith v. State*, No. 118,161, 2018 WL 3796017 (Kan. App. 2018) (unpublished opinion). It held: "Smith failed to show how Kurth's actions were deficient representation rather than strategic decisions" and he "failed to show the effect Kurth's actions had on the trial." 2018 WL 3796017, at *5. In reaching this conclusion, the panel found that "[e]ven if we determined these issues warranted a review on the merits, Smith has failed to present a sufficient record for this court to review." 2018 WL 3796017, at *4. And even if Smith's

2

sufficiency of the evidence claim were properly before the court, it could not address it because "he has failed to provide the trial transcript." 2018 WL 3796017, at *4.

Over two years after the mandate issued in his first 60-1507 motion, Smith filed a second 60-1507 motion asserting ineffective assistance of trial counsel, ineffective assistance of defense counsel, multiple claims of ineffective assistance of counsel for different attorneys from his various appeals, claimed he had no counsel at sentencing, and argued abuse of discretion by the trial judge. Smith alleged his 60-1507 counsel had failed to:  (1) provide a sufficient record for appellate review; (2) present trial transcripts to challenge the sufficiency of evidence; (3) present trial transcripts to this court to show the district court erred in allowing inconsistent jury verdicts; and (4) provide a record that this court could use for a meaningful review in assessing whether competent evidence supported the district court's factual findings.

The district court ordered Smith to show cause why his motion should not be dismissed as successive under K.S.A. 60-1507(c) and untimely under K.S.A. 60-1507(f). Although Smith responded to the show cause order, the court summarily dismissed the motion as successive and untimely.

Smith timely appeals, arguing only the ineffectiveness of his first K.S.A. 60-1507 counsel.

*Did the District Court Err in Summarily Denying Smith's K.S.A. 60-1507 Motion?*

A district court may take one of three routes when deciding a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2)

3

the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

When, as here, a district court summarily dismisses a K.S.A. 60-1507 motion, the appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

A movant bears the burden of establishing that an evidentiary hearing is warranted. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019). To meet this burden, a movant's contentions must be more than conclusory. *Holmes v. State*, 292 Kan. 271, Syl. ¶ 2, 252 P.3d 573 (2011). As a result, the movant must set forth either an evidentiary basis to support those contentions or a basis must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If this showing is made, the district court must hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). But no evidentiary hearing is warranted if the court can conclusively determine from the motion, files, and records that the movant is not entitled to relief. 300 Kan. at 885.

We first address whether the district court erred by finding Smith's motion untimely. K.S.A. 2023 Supp. 60-1507(f)(1) mandates that a 60-1507 action must be brought within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Smith concedes that his 60-1507 motion was filed outside this time limit.

4

The record confirms that concession. On August 10, 2018, this court affirmed the district court's denial of Smith's first 60-1507 motion. *Smith*, 2018 WL 3796017. This court issued the mandate on September 18, 2018. K.S.A. 60-1507(f)'s one-year period for filing a 60-1507 "motion to challenge counsel's representation in a prior 60-1507 motion begins when the mandate [is] issued on that prior 60-1507 proceeding." *Rowell v. State*, 60 Kan. App. 2d 235, Syl. ¶ 3, 490 P.3d 78 (2021). So Smith's one-year period began on September 18, 2018, and ended one year later. Yet Smith did not file this 60-1507 motion until April 18, 2022, over two years after the one-year period had ended.

Smith argues, however, that he falls within the "manifest injustice" exception to this one-year rule. See K.S.A. 2023 Supp. 60-1507(f)(2). In assessing manifest injustice, courts "consider only (1) a movant's reasons for failure to timely file the motion . . . or (2) a movant's claim of actual innocence." *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). Smith addresses both factors.

Smith's stated reason for failing to timely file the motion is "that the transcripts missing from Smith's first appeal was due to [60-1507] counsel, not himself." While counsel's failure to include the trial transcripts could be relevant to an ineffective assistance of counsel assessment of alleged deficiency under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), that does not explain why it took Smith about two and a half years to file the current motion. And Smith shows no other reason for his delay.

As for the second manifest injustice factor—a claim of actual innocence—Smith also fails. As he recognizes, this factor requires him to show "it is more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). But rather than discuss new evidence, Smith concludes that "[h]ad the evidence [he] presents been submitted to the jury, it would have raised questions of reasonable doubt that would clearly have affected jurors on his case." Yet

Smith does not specify what evidence he is referring to or explain how such evidence is "new," as K.S.A. 2023 Supp. 60-1507(f)(2)(A) requires.

Perhaps Smith is alluding to his "concerns about Kurth's performance" stated elsewhere in his brief—Kurth's alleged failure to enter certain evidence, explore victim inconsistences, subpoena certain records, and pursue a psychological exam. Smith discusses Kurth's performance at trial apparently to show how counsel Kelly Fuemmeler's failure to include certain documents in the record on appeal for his first K.S.A. 60-1507 motion prejudiced him. But Smith does not mention those claims when addressing the manifest injustice exception. Having reviewed Smith's brief, we agree with the State that Smith has not specified any new evidence that would raise questions of reasonable doubt as to his guilt on the aggravated indecent liberties convictions.

Because Smith has not shown that manifest injustice excuses the untimeliness of his motion, the district court correctly dismissed it as untimely. We need not also determine whether the motion was successive.

Affirmed.

6