NOT DESIGNATED FOR PUBLICATION

No. 126,503

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSEPH UNDERWOOD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Washington District Court; GUNNAR A. SUNDBY, judge. Submitted without oral argument. Opinion filed June 20, 2025. Affirmed.

*David L. Miller*, of The Law Office of David L. Miller, of Wichita, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and PICKERING, JJ.

PER CURIAM: Joseph Underwood appeals from the summary dismissal of his third K.S.A. 60-1507 motion as untimely and successive. He also argues the district court erred in denying his motion to amend his K.S.A. 60-1507 motion to add a claim of ineffective assistance of counsel in his first K.S.A. 60-1507 proceeding. After review, we find Underwood neither established manifest injustice to excuse his delay in filing nor proved exceptional circumstances existed to consider his successive motion. Thus, the district court did not err when it summarily dismissed his K.S.A. 60-1507 motion. The district

1

court also did not abuse its discretion in denying Underwood's motion to amend his K.S.A. 60-1507 motion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Underwood was convicted of several child sex crimes in Washington County in 1999. Before his trial that led to this conviction, Underwood filed a motion for discharge from the charges because his speedy trial rights were violated. The district court held a hearing on the motion but found that Underwood's speedy trial rights had not been violated, so it denied the motion. Underwood appealed his convictions, arguing that his statutory speedy trial rights were violated. Another panel of this court noted that the parties agreed that 182 days attributable to the State lapsed before Underwood was brought to trial, which was 2 days beyond the 180-day limit in K.S.A. 22-3402(2) (Furse 1995). *State v. Underwood*, No. 84,568, 2001 WL 37131934, at *1 (Kan. App. 2001) (unpublished opinion) (*Underwood I*).

The panel found that the statute allowed the trial to start beyond this 180-day limit if the State sought "continuances for unavailable material evidence"—which it did. 2001 WL 37131934, at *1. The district court charged 43 days to the State due to the unavailability of a material witness—Robert Blecha, assistant director of the Kansas Bureau of Investigation. Underwood argued that the district court abused its discretion in extending the statutory speedy trial time for this continuance because Blecha's testimony was not "evidence" and that Blecha was not "unavailable" because the State could have used his preliminary hearing testimony. 2001 WL 37131934, at *2.

The panel determined that it was within the district court's discretion to grant or deny a continuance and that its decision would be affirmed unless it abused its discretion. The panel found that granting the continuance due to Blecha's unavailability was not an abuse of discretion because:

2

"Blecha was one of the assigned case agents from the KBI. His testimony was important to the State's case since he interviewed all of the victims. The State's effort to obtain his testimony for the April 12, 1999, trial date was unsuccessful. Blecha was under federal subpoena to testify in another case. Blecha did testify at Underwood's trial, which began within 58 days of the original trial setting. The continuance was within the parameters of the speedy trial statute, and Underwood claims no other prejudice by the delay. Thus, granting the continuance was within the district court's discretion, and Underwood's argument that he was denied his statutory right to a speedy trial is without merit." 2001 WL 37131934, at *2.

Underwood subsequently filed multiple unsuccessful postconviction motions, including two habeas motions under K.S.A. 60-1507. In *Underwood v. State*, No. 91,026, 2004 WL 1178189, at *1 (Kan. App. 2004) (unpublished opinion) (*Underwood II*), another panel of this court dismissed Underwood's appeal of the denial of his first K.S.A. 60-1507 motion because he sought to raise an issue that he waived during the evidentiary hearing on his motion in the district court—his trial counsel was ineffective for failing to present expert witness testimony. In *Underwood v. State*, No. 103,956, 2011 WL 1377068, at *1 (Kan. App.) (unpublished opinion) (*Underwood III*), another panel of this court affirmed the district court's dismissal of Underwood's second K.S.A. 60-1507 motion as untimely and successive. Specifically, the panel found that Underwood did not show manifest injustice to justify his out-of-time motion and did not allege any unusual events or intervening changes in the law that constituted exceptional circumstances to allow consideration of a successive motion. 2011 WL 1377068, at *2-3. Underwood also filed a motion to correct illegal sentence, which was denied and summarily affirmed on appeal.

In his third, and current, K.S.A. 60-1507 motion, Underwood again argued that his speedy trial rights were violated. He also raised two claims of ineffective assistance of trial counsel, two claims of ineffective assistance of counsel on direct appeal, and a jury instruction issue. To avoid the jurisdictional bar to untimely and successive K.S.A. 60-

3

1507 motions, Underwood claimed each of the six arguments showed that he was actually innocent. He also maintained that he was entitled to an evidentiary hearing to determine whether manifest injustice or exceptional circumstances existed to allow the court to hear the merits of the claims.

Underwood's speedy trial argument alleged that the State based a continuance of his trial date on false or misleading information that its material witness, Blecha, was unavailable. Attached to the motion was a sworn affidavit from Underwood stating that he sent a Freedom of Information/Privacy Act Request (FOIA) for all subpoenas issued to Blecha in 1999. The affidavit stated Underwood received a letter on January 29, 2020, from the United States Marshals Service that stated no records existed relating to subpoenas of Robert Blecha in 1999.

Four months later, Underwood filed a notice of additional authority and newly discovered evidence. In it, he elaborated on his claim of speedy trial violation and continued to argue that he was actually innocent because of the violation. Underwood reiterated that the prosecutor in his original criminal trial perpetrated fraud on the court in seeking a continuance by stating that Blecha was subject to a federal subpoena to testify in federal court on that date. Attached to this motion was the letter from the United States Marshals Service stating that the agency conducted a search of records in the District of Kansas and located no records of a subpoena issued to Blecha in 1999.

The district court appointed Underwood counsel. Thereafter, the State moved to dismiss the case, asserting that Underwood had filed his motion at least six years past the time limitation for filing it and he failed to meet his burden of showing manifest injustice to extend the time limitation or exceptional circumstances to justify the successive motion. Specifically, the State noted that Underwood's claim only went to his speedy trial argument, which had already been decided and did not demonstrate actual innocence.

Before the court ruled on the motion to dismiss, Underwood filed a motion to amend the K.S.A. 60-1507 motion to add claims of ineffective assistance of counsel against his attorney in his first K.S.A. 60-1507 motion. Underwood also responded to the State's motion to dismiss and attached an affidavit from Britt G. Pate, a licensed private investigator, who stated that he interviewed Blecha over the phone on December 13, 2021, and Blecha said he did not receive a subpoena to federal court in April 1999 nor was he under a subpoena on April 12, 1999. According to Pate, Blecha told Pate he spent April 12, 1999, working "on a Shawnee County case, being in the office, and making a trip to Emporia, KS." Pate noted that "Blecha consulted his log or diary to ascertain the aforementioned information."

The district court concluded substantial issues of fact warranted an evidentiary hearing and denied the State's motion to dismiss. Shortly thereafter, a new judge was assigned to the case.

The State filed a renewed motion to dismiss, stating that Underwood's claims were speculative at best but added that additional evidence proved Blecha was, in fact, unavailable for Underwood's trial. The State pointed out that Underwood's K.S.A. 60-1507 motion relied solely on the response he received from the U.S. Marshals Service to his FOIA request, even though that response "noted that not all categories of law enforcement records are discoverable" and its response "'should not be taken as an indication that excluded records do, or do not exist.'" The State also argued that the interview Underwood's private investigator conducted with Blecha occurred more than two decades after the trial and argued that Blecha not recollecting a subpoena did not mean no subpoena existed. It asserted that "there was, in fact, a federal trial scheduled for April 12, 1999, in which Robert Blecha was a named witness."

5

To prove its assertion, the State attached several documents to its motion. The State attached correspondence from Assistant United States Attorney Gregory G. Hough, the prosecutor in the federal case, to Blecha confirming that Blecha was a witness in the federal case set for trial on April 12, 1999. It attached the docket sheet for the federal case, which included a March 1, 1999 entry for notice of jury trial on April 12, 1999. The State also attached a copy of a letter from Hough to Blecha stating that Blecha's subpoena to testify in the federal case on April 12, 1999, was "in full force." Finally, it attached a witness list for the federal case, which named Blecha.

The docket sheet also contained an entry on March 26, 1999, for a motion to continue the federal trial, and an entry on April 1, 1999, granting the motion to continue the trial from April 12, 1999, to May 12, 1999. The State explained that the federal trial was continued from April to May after Underwood's trial had been continued, which is why Blecha was not in court on either case on April 12, 1999.

Underwood responded to the State's renewed motion to dismiss and argued there were substantial factual and legal issues remaining around "Blecha's purported unavailability" for which an evidentiary hearing was necessary. He pointed to the prosecutor's statement from the May 25, 1999 hearing on his motion to dismiss for speedy trial violation, in which the prosecutor stated that Blecha called her "the day that he received a federal subpoena" to say he could not be at Underwood's trial on April 12, 1999. Underwood also pointed out that the prosecutor requested a continuance in Underwood's trial on the same date that the defendant in the federal case moved to continue his federal jury trial. Underwood argued there were doubts about whether Blecha was, in fact, served with a federal subpoena and questioned whether the prosecutor in Underwood's trial knew the federal case had been continued, thereby making her request for a continuance in the state case fraudulent. Underwood also questioned why subpoenas in his trial were issued on certain dates that did not coincide with the trial date. He took issue with the prosecutor's efforts and diligence to secure

6

Blecha's availability at the trial. Underwood also questioned what was said during the telephone conference in which the State first asked for the continuance since that transcript does not exist.

The district court held a nonevidentiary hearing at which the parties argued their positions. At the end of the hearing, the district court noted that Underwood's argument was not a claim of actual innocence, so it did not survive the motion to dismiss for that reason. As for Underwood's claim of manifest injustice, the district court found that the State had provided evidence that the other trial Blecha was involved in at the time had a hearing scheduled that was continued to a later date, and the fact that Blecha was not served a subpoena for the specific day of Underwood's trial did not mean there was fraud or concealment regarding his need to appear in another court. The district court stated that, "based upon the petition and the documents submitted," Underwood failed to establish a manifest injustice on "this issue of whether the witness was under a direct subpoena" or whether he was simply told or ordered to appear. Because of that, the district court found Underwood failed "to establish some sort of fraud or concealment of that issue" and granted the motion to dismiss. The district court stated it was also denying Underwood's motion to amend his petition and asked the State to prepare an order of the findings.

The journal entry included no findings. In it, the district court said that Underwood failed to meet his burden of establishing a colorable claim of innocence or manifest injustice as justification for extending the time limit under K.S.A. 60-1507(f). The district court also denied Underwood's motion to amend his K.S.A. 60-1507 motion. Ultimately, the district court granted the State's renewed motion to dismiss and dismissed Underwood's K.S.A. 60-1507 motion as untimely and successive.

Underwood timely appealed.

ANALYSIS

I.  *The District Court Did Not Err in Summarily Dismissing Underwood's K.S.A. 60-1507 Motion*

Underwood argues that the district court committed reversible error by summarily denying his K.S.A. 60-1507 motion. Underwood maintains that the district court erred in not granting him an evidentiary hearing to prove the fraud that he relies on as manifest injustice allowing his out-of-time motion. Underwood also argues that the fraud committed by the State at trial constitutes manifest injustice and exceptional circumstances justifying his untimely and successive motion. He argues that he is entitled to relief because if the State had not fraudulently stated that it could not go to trial because of witness unavailability, the district court would have dismissed his charges for violating his speedy trial rights.

Although his initial argument before the district court was that the State's fraudulent information about Blecha's availability proved he was actually innocent, his appointed counsel argued that the fraudulent conduct constituted the manifest injustice and exceptional circumstances necessary for review, and the district court ruled based on that argument. This is the only argument that he raises on appeal. Underwood abandoned his claim of actual innocence. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issue not briefed deemed waived or abandoned).

*Standard of Review*

The district court dismissed Underwood's K.S.A. 60-1507 motion as untimely and successive after appointing counsel and holding a preliminary hearing but not an evidentiary hearing. When the district court holds a preliminary hearing after the appointment of counsel, this court gives "deference to any factual findings made by the

district court and appl[ies] a findings of fact and conclusions of law standard of review [to] determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law." *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020). We, however, have unlimited review over the district court's conclusions of law and its decision to deny the K.S.A. 60-1507 motion. *Adams*, 311 Kan. at 578.

*Discussion*

A defendant has one year from the date a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2024 Supp. 60-1507(f)(1). This one-year time limit was first enacted in 2003, so individuals like Underwood, whose convictions predate the statutory amendment, had until June 30, 2004, to file a timely K.S.A. 60-1507 motion. L. 2003, ch. 65, § 1; *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019). Underwood filed this motion on February 19, 2020. Underwood's motion is undeniably untimely. The one-year time limit may, however, be "extended by the court only to prevent a manifest injustice." K.S.A. 2024 Supp. 60-1507(f)(2).

In addition, the sentencing court also does not need to hear more than one motion for similar relief filed by the same prisoner. K.S.A. 2024 Supp. 60-1507(c). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and, therefore, "must show exceptional circumstances to justify the filing of a successive motion." *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022).

*Sufficient Allegations to Warrant an Evidentiary Hearing*

Initially, Underwood argues that he made sufficient allegations of fraud to warrant an evidentiary hearing on his fraud claim, which he argues supports manifest injustice and exceptional circumstances. Underwood does not cite any authority that shows he is

9

entitled to an evidentiary hearing on a manifest injustice or exceptional circumstances argument. In arguing that he is entitled to an evidentiary hearing, Underwood quotes *Grossman v. State*, 300 Kan. 1058, 1062, 337 P.3d 687 (2014), which says that a K.S.A. 60-1507 movant is entitled to an evidentiary hearing once the movant satisfies the burden to make more than conclusory contentions that the movant is entitled to relief "'*unless the motion is "second" or "successive" and seeks similar relief.*'" (Emphasis added.) So we must first determine whether he has met either of those exceptions before we determine whether he is entitled to a hearing on the merits of his motion.

*Manifest Injustice and Exceptional Circumstances*

Courts are to dismiss a motion as untimely if, after "inspection of the motion, files, and records of the case," the court determines that the time limitations were exceeded and that dismissing the motion would not constitute manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(3). When considering whether manifest injustice exists, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). Exceptional circumstances are "'unusual events or intervening changes in the law'" that prevented the movant from raising the issue in the first postconviction motion. *Mitchell*, 315 Kan. at 160. It is Underwood's burden to establish that his untimely and successive K.S.A. 60-1507 motion demonstrates the manifest injustice necessary to warrant extension of the one-year time limitation and exceptional circumstances warranting consideration of a successive motion. See *State v. Roberts*, 310 Kan. 5, Syl. ¶ 5, 444 P.3d 982 (2019).

Underwood alleged that the prosecutor offered false or misleading information to the court regarding the availability of Blecha for the April 12, 1999 trial date. But Underwood has not stated why he could not challenge the prosecutor's statement about Blecha being subject to another trial until 2020. It is true that Underwood did not have

10

the documents he submitted in support of this K.S.A. 60-1507 motion until 2020. But he has not shown why he was not able to ask for this information until 2020. Again, his allegation that the prosecutor was lying is unsupported, so it cannot be relied on to substantiate this claim.

Underwood claims the State is prohibited from raising a statute of limitations defense because it "concealed the fraud from March 26, 1999, until discovered by the Petitioner in 2020." First, Underwood provides no legal authority for that assertion. Second, Underwood provides no evidence or makes any allegation about how the State continued to conceal a fact that was independently verifiable. In other words, even if accepted as true that the prosecutor deliberately misled the district court in order to secure a continuance, there is no evidence that the State then acted to conceal that fact for 20 years.

For the rest of his argument in the first issue, Underwood lays out what he claims are substantial issues of fact and law that require an evidentiary hearing on the merits of his K.S.A. 60-1507 motion. Underwood contends that his underlying speedy trial and ineffective assistance of appellate counsel claims are meritorious. But because his motion was untimely and successive and he has not shown that an exception to either of those requirements has been met, none of this goes to the issue we are limited to determining.

We are not persuaded by Underwood's arguments. He fails to explain why he did not raise these claims in his direct appeal or his first K.S.A. 60-1507 motion. Underwood asserts the evidence he relies on—the result of his FOIA request—was discovered in January 2020 and was thus unavailable prior to his current K.S.A. 60-1507 motion. But Underwood never addresses the obvious—that he could have filed a FOIA request and hired a private investigator to obtain this evidence 20 years ago.

11

We therefore affirm the district court's summary denial of Underwood's K.S.A. 60-1507 motion as untimely and successive.

II. *The District Court Did Not Abuse Its Discretion in Denying Underwood's Motion to Amend His K.S.A. 60-1507 Motion*

*Standard of Review*

We review a ruling on a motion to amend for abuse of discretion. *Alain Ellis Living Trust v. Harvey D. Ellis Living Trust*, 308 Kan. 1040, 1045, 427 P.3d 9 (2018). "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Collins*, 319 Kan. 439, 441, 555 P.3d 693 (2024).

*Discussion*

Underwood claims that the appointed habeas counsel in his first K.S.A. 60-1507 proceeding failed to prosecute the ineffective assistance of his trial counsel. Even though his first K.S.A. 60-1507 appeal was final on June 24, 2004, the date the mandate issued, Underwood asserts that he can raise ineffective assistance of his first K.S.A. 60-1507 counsel now, some 17 years later, because manifest injustice exists. For support, he cites to *Ludlow v. State*, No. 105,303, 2011 WL 5833609, at *2-3 (Kan. App. 2011) (unpublished opinion) and, by extension, *Pouncil v. State*, No. 98,276, 2008 WL 2251221, at *5 (Kan. App. 2008) (unpublished opinion). He is incorrect.

In *Ludlow*, the panel recognized that claims of ineffective assistance of K.S.A. 60-1507 counsel arising after the one-year time limit in K.S.A. 60-1507(f)(1) may establish the manifest injustice warranting a late filing. 2011 WL 5833609, at *2-3. *Ludlow* relies on *Pouncil*, in which the panel held: "Barring a claim before it arose clearly would

12

constitute a manifest injustice warranting an extension of the 1-year limitation period." 2008 WL 2251221, at *5. But that is not the situation here.

"An inquiry into the manifest injustice of barring a second collateral proceeding necessarily involves a consideration of the time frame in which the second collateral proceeding is brought." *Rowell v. State*, 60 Kan. App. 2d 235, 240, 490 P.3d 78 (2021). While a collateral attack based on ineffective assistance of counsel in an original K.S.A. 60-1507 proceeding might constitute manifest injustice to extend the one-year time limitation, the collateral attack must itself be timely. *State v. Cox*, No. 104,292, 2011 WL 6382755, at *3 (Kan. App. 2011) (unpublished opinion). The *Cox* panel held that Cox failed to establish manifest injustice because he did not show a good reason for the three-year delay between the mandate in his first K.S.A. 60-1507 proceeding and the filing of his second K.S.A. 60-1507 motion. 2011 WL 6382755, at *4. Likewise, in *Pouncil*, the panel refused to extend the time limitation when the collateral attack on the previous K.S.A. 60-1507 counsel was filed over five years after the proceeding. 2008 WL 2251221, at *6-7. The *Cox* panel explained:

> "Because of the nature of the relief sought in a second K.S.A. 60-1507 motion, if we held a prisoner had an unlimited amount of time to make such an attack, we would effectively nullify the 1-year limit found in K.S.A. 60-1507(f)(1). As noted in *Pouncil*, a district court need not accept a collateral attack upon a K.S.A. 60-1507 proceeding long after those proceedings have ended. In *Pouncil*, this court applied the 1-year limitation of K.S.A. 60-1507(f) to the end of the first K.S.A. 60-1507 proceedings to determine whether the collateral attack on such proceedings was timely. 2008 WL 2251221, at *6-7. It is unnecessary for a district court to toll the 1-year limitation of K.S.A. 60-1507(f) indefinitely because ineffective assistance of counsel at that proceeding entitled the movant to a new habeas corpus proceeding.

> "Further, even if the limitation of K.S.A. 60-1507(f) is not applicable to a collateral attack upon a K.S.A. 60-1507 proceeding, an inquiry into the manifest injustice of barring the second collateral proceeding necessarily involves a consideration of the

13

time frame in which the second collateral proceeding is brought." *Cox*, 2011 WL 6382755, at *3-4.

Underwood filed his third K.S.A. 60-1507 motion, at issue here, on February 19, 2020. His motion to amend, filed December 16, 2021, sought to add five claims that his original K.S.A. 60-1507 counsel was ineffective for failing to raise issues related to his trial counsel's ineffectiveness. Underwood does not attempt to explain the delay between June 24, 2004—the date the mandate was issued in his first K.S.A. 60-1507 motion—and December 16, 2021. Like the movants in *Pouncil* and *Cox*, Underwood fails to show any good reason for the 17-year delay.

The district court did not abuse its discretion in denying Underwood's motion to amend his K.S.A. 60-1507 motion. The motion to amend was out of time, and Underwood failed to establish manifest injustice to extend the time limitation.

Affirmed.