NOT DESIGNATED FOR PUBLICATION

No. 128,230

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALTON R. SILVERSON JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed June 5, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER, J., and LAURA JOHNSON-MCNISH, District Judge, assigned.

PER CURIAM: Alton Silverson Jr. appeals the district court's summary dismissal of his most recent K.S.A. 60-1507 motion. After reviewing the record and the parties' arguments, we find the district court did not err when it dismissed his petition: Silverson's motion was filed well outside the applicable one-year time frame for postconviction relief defined in K.S.A. 60-1507(f), and Silverson has not provided an explanation for his delay that would otherwise warrant review. We thus affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, a jury convicted Silverson of aggravated burglary, two counts of aggravated assault, battery, criminal threat, and criminal possession of a weapon by a convicted felon. We need not discuss the facts leading to Silverson's convictions at length here, as they have been laid out in previous decisions by this court. See *Silverson v. State*, No. 125,481, 2023 WL 6531068 (Kan. App. 2023) (unpublished opinion) (*Silverson III*); *State v. Silverson*, No. 122,055, 2021 WL 935740 (Kan. App.) (unpublished opinion) (*Silverson II*), *rev. denied* 314 Kan. 858 (2021); *State v. Silverson*, 117,047, 2018 WL 3404080 (Kan. App. 2018) (unpublished opinion) (*Silverson I*). Highly summarized, Silverson engaged in a violent altercation with a woman on a street. A family who lived across the street saw this altercation and allowed the woman into their home, where she locked herself in the bathroom while one of the family members called the police. Silverson had left the scene but returned with a large knife, "'barged'" into the home, yelled that he wanted to carry out "'street justice,'" and pointed the knife at two of the residents. When one yelled, "Police!" Silverson ran away. *Silverson III*, 2023 WL 6531068, at *1.

In the time since his conviction, Silverson has appealed to this court four times. We briefly walk through this procedural history to provide context for the arguments Silverson raises in this appeal.

*Silverson files a direct appeal.*

In October 2016, Silverson filed a pro se motion for a mistrial, arguing that the prosecutor's misstatements of witnesses' testimony prejudiced his right to a fair trial. Around that time, Silverson was appointed new counsel from the public defender's office for his posttrial matters because his trial counsel no longer worked at that office. Silverson filed a pro se motion to dismiss his new counsel, arguing that there was a

conflict of interest, as his new attorney could not argue that the trial attorney—who had worked for the same office—was ineffective. Following a nonevidentiary hearing on the motions, the district court denied Silverson's motions.

Silverson appealed and was represented by Heather Cessna. During the appeal, the State conceded that the evidence was not sufficient to support the conviction for criminal possession of a weapon by a convicted felon, as the State did not prove that Silverson's previous felony conviction had occurred within the past 10 years. The State also conceded that the district court had erred in the handling of Silverson's posttrial motion for new counsel based on a conflict of interest. This court reversed Silverson's conviction on the criminal possession of a weapon count and remanded the case for resentencing. *Silverson I*, 2018 WL 3404080, at *3. We also directed the district court to appoint new counsel to represent Silverson in his motion for a new trial, including his claims of ineffective assistance of trial counsel. 2018 WL 3404080, at *9. We affirmed the district court's rulings on Silverson's four remaining claims. 2018 WL 3404080, at *1.

*Silverson appeals the outcome of his remand.*

Consistent with this court's order, Silverson was appointed new counsel on remand. Through his new attorney (Casey Cotton), Silverson filed a motion for new trial and judgment of acquittal arguing, among other claims, that trial counsel was ineffective for not objecting to the State's inaccurate descriptions of testimony. The district court held an evidentiary hearing on the motion. Silverson testified, contending that his attorney had not listened to his theories of defense, had made factual errors in the opening statement, had not sufficiently objected throughout the trial, and had not adequately impeached the testimony of key witnesses. Silverson's trial attorney also testified, explaining the strategy behind his representation.

3

After considering the evidence, the court denied Silverson's motion for a new trial or acquittal, finding his trial attorney had not provided constitutionally deficient representation. The district court vacated the sentence for criminal possession of a weapon and ordered Silverson to serve a controlling sentence of 169 months in prison with 24 months' postrelease supervision on his remaining convictions. The court also ordered Silverson to register as a violent offender under K.S.A. 22-4902(e)(2) due to his conviction of a person felony committed with a deadly weapon.

Silverson appealed the district court's decision. Silverson argued that his trial attorney provided deficient representation by not sufficiently impeaching witnesses' testimony; not adequately advising Silverson of the applicable laws related to his case; and not requesting a jury instruction on criminal trespass as a lesser-included offense of burglary. Silverson was represented by Peter Maharry during this appeal. This court found no error and affirmed the district court. *Silverson II*, 2021 WL 935740, at *3-4.

*Silverson files his first K.S.A. 60-1507 motion.*

In February 2022, Silverson filed his first K.S.A. 60-1507 motion, contending that he was prejudiced by a constructive amendment to the charge of criminal threat during trial; prosecutorial misconduct for presenting false evidence; prosecutorial error for statements made during opening and closing argument; and what he claimed was deficient representation of his trial attorney, his attorney during his direct appeal (Cessna), and his attorney on remand (Cotton). The district court summarily denied Silverson's motion, and this court affirmed that decision. *Silverson III*, 2023 WL 6531068, at *4.

*Silverson files his most recent K.S.A. 60-1507 motion.*

In November 2023, Silverson filed a second K.S.A. 60-1507 motion—the motion that is the subject of this appeal. In the motion, he alleged prosecutorial error related to statements made by the State during trial, ineffective assistance of appellate counsel from Cessna and Maharry for not raising the claim of prosecutorial error on direct appeal, and ineffective assistance of his remand counsel, Cotton, for not contesting Silverson's duty to register as a violent offender after his deadly weapon charge was vacated. Silverson did not argue that his first K.S.A. 60-1507 counsel was ineffective. The district court summarily dismissed Silverson's motion, finding it was not filed within one year after his conviction became final as required by K.S.A. 60-1507(f). Silverson appeals.

DISCUSSION

Kansas law provides an avenue for people who are incarcerated to collaterally challenge their convictions through K.S.A. 60-1507. Yet the statute also places limitations on the filing of these motions to avoid abuse of this remedy. *Manco v. State*, 51 Kan. App. 2d 733, 741, 354 P.3d 551 (2015), *rev. denied* 304 Kan. 1017 (2016).

For example, K.S.A. 60-1507(f)(1)(A) requires a person to seek relief under that statute within one year after the conclusion of their direct appeal. A court may only consider a K.S.A. 60-1507 motion filed outside this one-year statutory period if the movant can show that consideration is necessary "to prevent a manifest injustice." K.S.A. 60-1507(f)(2). This exception is a narrow one. K.S.A. 60-1507(f)(2)(A) limits the scope of "manifest injustice" to two considerations—whether the movant has explained why they "failed to file the motion within the one-year time limitation" and whether the person "makes a colorable claim of actual innocence." If the movant does not show that dismissal will result in manifest injustice under either of these provisions, the court must dismiss the untimely motion. K.S.A. 60-1507(f)(3).

5

When a K.S.A. 60-1507 motion has been dismissed without an evidentiary hearing—as is the case here—we are in the same position as the district court to evaluate the written record. Our review of the district court's ruling is thus unlimited. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

Silverson acknowledges that his current motion was not filed within the one-year time frame required by K.S.A. 60-1507. He filed this motion in 2023, well after the direct appeal from his conviction concluded. Silverson does not argue that he is actually innocent of his crimes of conviction within the meaning of K.S.A. 60-1507(f)(2)(A). Instead, he attempts to explain why he did not raise the issues in this appeal within the one-year statutory time limit. In particular, Silverson urges this court to consider the questions in his most recent motion based on allegations that the attorneys who represented him on remand from his direct appeal—Cotton (at trial) and Maharry (during the appeal from the court's remand decision)—were ineffective.

Supreme Court Rule 183(c)(3) (2026 Kan. S. Ct. R. at 241) dictates that a K.S.A. 60-1507 motion ordinarily may not raise mere trial errors or be used in place of a second appeal. Trial errors must be raised through a direct appeal, "but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Rule 183(c)(3) (2026 Kan. S. Ct. R. at 241); see *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue in their first K.S.A. 60-1507 motion. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022).

As this court noted in Silverson's first K.S.A. 60-1507 appeal, claims alleging ineffective assistance of counsel can serve as exceptional circumstances warranting consideration of an otherwise untimely claim. *Silverson III*, 2023 WL 6531068, at *4

6

(citing *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 [2009]). But in situations like Silverson's where the movant has already pursued relief through K.S.A. 60-1507, our state's appellate courts have considered ineffective assistance of counsel to be an exceptional circumstance only insofar as it refers to an earlier K.S.A. 60-1507 attorney. See *Rowell v. State*, 60 Kan. App. 2d 235, 237-41, 490 P.3d 78 (2021); *Denney v. State*, No. 126,784, 2024 WL 3738410 (Kan. App. 2024) (unpublished opinion), *rev. denied* 320 Kan. 861 (2025).

While Silverson argues that Cotton and Maharry were ineffective for various reasons, he does not explain why he could not have raised these issues in his first K.S.A. 60-1507 action. In fact, Silverson raised other claims regarding the representation of Cessna and Cotton in his first 60-1507 appeal, just not the claims he raises now. See *Silverson III*, 2023 WL 6531068, at *4.

Silverson does not—and has never—claimed that his attorney's representation during his first K.S.A. 60-1507 was ineffective, and he does not otherwise explain why he could not have argued the issues raised here as part of his first K.S.A. 60-1507 motion and appeal. Thus, Silverson has not met his burden of establishing manifest injustice warranting consideration of the claims raised in his untimely motion. We affirm the district court's summary dismissal of Silverson's motion.

Affirmed.

7