(173 P.3d 1172)
No. 97,755

JAMES A. PENN, *Appellant,* v. STATE OF KANSAS, *Appellee.*

—

Opinion filed January 11, 2008.

*James A. Penn,* appellant pro se.

*Jeffrey E. Evans,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before BUSER, P.J., GREEN and CAPLINGER, JJ.

GREEN, J.: James A. Penn appeals from the trial court's judgment denying his K.S.A. 60-1507 motion. Penn argues that our Supreme Court's denial of his appellate counsel's request to file a petition for review out of time should not bar his postconviction motion alleging ineffective assistance of counsel based on counsel's failure to timely file a petition for review. We agree. Accordingly, we reverse, and Penn, if he wishes to do so, may file a petition for review with our Supreme Court if the petition is filed within 30 days of the mandate issued in this appeal.

In 1999, a jury convicted Penn of one count of first-degree murder, two counts of attempted aggravated robbery, one count of aggravated assault, and one count of criminal possession of a firearm. He was sentenced to life imprisonment plus 192 months. Penn's convictions were affirmed by our Supreme Court in *State v. Penn*, 271 Kan. 561, 23 P.3d 889 (2001).

In 2003, Penn moved under K.S.A. 60-1507, alleging prosecutorial misconduct. Penn later voluntarily withdrew the motion. In 2004, Penn moved a second time under K.S.A. 60-1507. He again claimed prosecutorial misconduct, but he also alleged that his trial and appellate counsel were ineffective. The trial court denied the motion after determining that it was successive. This court affirmed the trial court's decision in *Penn v. State*, No. 94,231, unpublished opinion filed May 5, 2006. Before this court issued its ruling, however, Penn's counsel moved to withdraw.

On May 9, 2006, this court allowed counsel to withdraw, remanded the case for appointment of new appellate counsel, and stayed issuance of the mandate pending notice of appointment of new appellate counsel.

On May 15, 2006, new appellate counsel was appointed and the following day this court lifted the stay on issuance of the mandate. Because new counsel neglected to file a petition for review to our Supreme Court, within the 30-day required time limit under Supreme Court Rule 8.03(a)(1) (2006 Kan. Ct. R. Annot. 62), the mandate was issued on June 8, 2006. On June 13, 2006, Penn's appellate counsel moved to file a petition for review out of time, expressing confusion about the effect of the stay and accepting full responsibility for misinterpreting this court's order. Our Supreme Court denied the motion.

On August 1, 2006, Penn moved a third time under K.S.A. 60-1507. He asserted that his appellate counsel was ineffective for failing to timely file a petition for review.

The trial court appointed counsel and held a nonevidentiary hearing on the motion. In setting out its reasons for rejecting Penn's argument, the judge stated:

"I will make a finding that [Penn] has been denied due process of law under the particular facts and under the Kansas Constitution, United States Constitution,

then rule that the ruling of the Supreme Court on the motion to reconsider or motion to file out of time and the other motions put the case in a situation where I have no jurisdiction. That would put me reviewing opinions and decisions by the Supreme Court of Kansas.

"Therefore, for that reason, and no other, I cannot grant any relief other than to make the finding he has been denied due process of law. That should put it in a posture where it can be reviewed. My decision can be reviewed by the Supreme Court. They, of course, can do anything they want to do with their own rulings and opinions. I cannot."

### Did the Trial Court Err in Determining That It Lacked Jurisdiction to Grant Penn Relief?

Penn alleges that the trial court erred in denying his K.S.A. 60-1507 motion and motion for recusal. Penn argues that the ineffectiveness of his counsel in failing to timely petition for review is evidenced by the trial court's finding that a due process violation had occurred.

The trial court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of law with respect thereto, unless the motion and the files and records of the case conclusively show the movant is not entitled to relief. K.S.A. 60-1507(b); Supreme Court Rule 183(f) and (j) (2006 Kan. Ct. R. Annot. 227). The burden is on a movant to allege facts sufficient to warrant a hearing on a 60-1507 motion. Supreme Court Rule 183(g); *Woodberry v. State*, 33 Kan. App. 2d 171, 173, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004).

In the present case, the trial court held that it lacked jurisdiction based on our Supreme Court having considered and denied the request by Penn's counsel to file a petition for review out of time. Similarly, the State argues on appeal that this court does not have jurisdiction to enter an order forcing our Supreme Court to consider Penn's petition for review. The State's argument assumes, like the trial court did, that because Penn's counsel essentially raised the issue of his ineffectiveness, by accepting full responsibility for misinterpreting the stay order in the request to petition for review out of time, the denial of that motion bars relief under Penn's 60-1507 motion based on the principles of res judicata.

The trial court and the State's reasoning has merit. The doctrine of res judicata is based on the idea that when a cause of action has

once been litigated to a final judgment, it is conclusive on the parties in any later litigation involving the same action. This principle has been applied to questions of jurisdiction. See *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 524, 75 L. Ed. 1244, 51 S. Ct. 517 (1931).

Nevertheless, in *Fowler v. State*, 37 Kan. App. 2d 477, 154 P.3d 550 (2007), we held that this court's denial of Fowler's motion to docket an appeal out of time did not bar his later 60-1507 motion requesting the same relief. In so holding, this court stated:

"When the motions panel of this court acts on a motion to docket an appeal out of time, the court is empowered to impose the sanction of dismissal in its discretion as a matter of rule enforcement; in other words, if the 21-day docketing requirements of Supreme Court Rule 2.04 (2006 Kan. Ct. R. Annot. 11) are not met, this court may dismiss the appeal as untimely docketed without regard to any substantive arguments that may be presented by the movant. In fact, any number of bases may serve to support a discretionary denial of a motion to docket an appeal out of time including the degree of untimeliness, the contemporaneous failure to observe other docketing requirements, failure to follow Supreme Court Rule 5.051 (2006 Kan. Ct. R. Annot. 34) after dismissal by the district court, a summary belief that the appeal lacks merit, or a general concern for judicial economy.

"Accordingly, a motion to docket an appeal out of time is not *necessarily* denied based upon the arguments contained in the motion itself but, rather, may be denied pursuant to this court's independent responsibility to enforce the appellate rules. Accordingly, a determination of the issues raised by a motion to docket an appeal out of time is not *necessary* to support the denial by this court of a motion to docket an appeal out of time and, therefore, does not serve to bar the relitigation of the issues raised in a subsequent 60-1507 motion, despite the finality of the prior proceeding." 37 Kan. App. 2d at 481.

Similarly, a motion filed with our Supreme Court to file a petition for review out of time is not necessarily denied based upon the arguments contained in the motion itself. To illustrate, Supreme Court Rule 8.03(f) (2006 Kan. Ct. R. Annot. 64) states: "The denial of a petition for review of a Court of Appeals' decision imports no opinion on the merits of the case." Likewise, our Supreme Court's denial of the request by Penn's appellate counsel to file an untimely petition for review was not a judgment on the merits. Obviously, if a denial of a petition for review is not on the merits, a denial of a request to file an untimely petition for review must

also not be on the merits. See *Laymon v. State,* 280 Kan. 430, 439, 122 P.3d 326 (2005) ("[T]he district judge . . . was incorrect in overinterpreting our decision to deny Laymon's petition for review.").

Before a judgment is given conclusive effect, it must be on the merits. See *Fowler,* 37 Kan. App. 2d at 480. (Issue preclusion occurs when a party can show that the issue was determined by a prior judgment on the merits.). Consequently, in denying the motion by Penn's counsel to file the petition for review out of time, our Supreme Court did not necessarily determine the merits of the issues raised in that motion. Therefore, our Supreme Court's denial of the motion does not bar relitigation of the issues raised in a later 60-1507 motion or prevent the trial court from having jurisdiction over the same.

Our Supreme Court has held that Kansas law provides indigents in K.S.A. 60-1507 proceedings with a statutory right to counsel. "When counsel is appointed by the court in postconviction matters, the appointment should not be a useless formality." *Brown v. State,* 278 Kan. 481, 484, 101 P.3d 1201 (2004). In *Brown,* our Supreme Court held that appointed counsel's failure to timely notify the movant of the denial of his K.S.A. 60-1507 motion and of his right to appeal the motion's denial results in a denial of the movant's *statutory* right to competent counsel, entitling him to file a motion to appeal out of time of the original motion. 278 Kan. at 484-85.

In *Swenson v. State,* 284 Kan. 931, 169 P.3d 298 (2007), our Supreme Court considered the denial of Nathaniel L. Swenson's pro se K.S.A. 60-1507 motion. Swenson's appellate counsel filed a petition for review 1 day out of time. Our Supreme Court later denied Swenson's motion to file a petition for review out of time. Swenson moved under K.S.A. 60-1507, alleging ineffective assistance of trial and appellate counsel. The trial court and the Court of Appeals both rejected Swenson's argument concerning his ineffective assistance counsel claim involving the late filing of the petition for review. Nevertheless, the *Swenson* court held that Swenson had been denied his statutory right to effective assistance of counsel.

In so holding, the *Swenson,* court stated that "there was no waiver of the right to file a petition for review" when "counsel attempted to file the petition but did so 1 day after the jurisdictional time limit." 284 Kan. at 936. Similarly, Penn's counsel attempted to file a petition for review after the jurisdictional time limit had expired. In determining that Swenson was denied effective assistance of counsel, our Supreme Court declared: "[W]here appellate counsel attempted to file a petition but did so 1 day late, the record allows us to conclude without remand that Swenson was denied effective assistance of counsel." 284 Kan. at 937.

As a result, we can conclude without remand that Penn was denied effective assistance of counsel by his counsel's failure to timely file a petition for review. See *State v. Phinney*, 280 Kan. 394, Syl. ¶ 7, 122 P.3d 356 (2005) (remand to the trial court is unnecessary where the record on appeal is factually and legally sufficient to support a determination that an *Ortiz* exception applies).

The trial court erred in determining that it lacked jurisdiction to grant relief under Penn's 60-1507 motion. Clearly, Penn was denied effective assistance of counsel when his appellate counsel failed to timely file a petition for review. Penn should have been allowed to file a petition for review with our Supreme Court. Based on our decision, Penn's remaining issues are moot.

Reversed.