NOT DESIGNATED FOR PUBLICATION

No. 127,135

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER BRITT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Oral argument held July 8, 2025. Opinion filed October 17, 2025. Affirmed.

*Brittany E. Lagemann*, of Olathe, for appellant.

*Daniel G. Obermeier* and *Shawn E. Minihan*, assistant district attorneys, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Christopher Britt appeals the Johnson County District Court's summary denial of his third motion for habeas corpus relief under K.S.A. 60-1507. The district court found Britt's motion was both untimely and successive, concluding that Britt failed to demonstrate manifest injustice to overcome the procedural time bar and that he failed to establish exceptional circumstances to excuse his successive motion. On our review, we agree that Britt's motion is both untimely under K.S.A. 2021 Supp. 60-1507(f) and successive under 60-1507(c) and affirm the district court's decision.

1

In 2008, Britt was convicted of rape, aggravated sodomy, and aggravated indecent liberties, all against one victim who was under 14 years old. The details of the underlying crimes are thoroughly explored in the Kansas Supreme Court's decision following Britt's direct appeal of his sentence. *State v. Britt*, 295 Kan. 1018, 1021-22, 287 P.3d 905 (2012).

Britt appealed his conviction, raising alternative means challenges and arguing prosecutorial misconduct, and challenging the constitutionality of his sentence. Our Supreme Court affirmed all Britt's convictions but vacated the imposition of his lifetime postrelease supervision. 295 Kan. at 1035.

*First K.S.A. 60-1507 motion*

In October 2013, Britt timely filed his first K.S.A. 60-1507 motion, albeit just about one week before the filing deadline under K.S.A. 60-1507(f). He filed the motion pro se, using a standardized form, and in it he simply contended that his "appellate counsel failed to argue on direct appeal." He provided no argument supporting his claim but only stated, "See memorandum in support which will be filed later." See *Britt v. State*, No. 112,525, 2015 WL 7693682, at *1-2 (Kan. App. 2015) (unpublished opinion) (*Britt I*). After the district court appointed Britt an attorney—the day after the K.S.A. 60-1507 one-year deadline—a supplemental motion was filed in April 2014 by his appointed counsel. In the supplemental briefing, Britt argued that his trial and appellate counsel were ineffective for failing to raise claims of prosecutorial errors during closing arguments and on direct appeal of his convictions.

The State moved to dismiss Britt's claims as legally insufficient and argued that his supplemental brief was untimely filed without showing manifest injustice to justify its

tardiness. In response, Britt claimed there was a delay in filing the supplemental brief for multiple reasons, including: his counsel was appointed after the one-year deadline to file the K.S.A. 60-1507 motion, counsel had difficulty locating Britt due to his transfer to a different correctional facility, counsel had trouble contacting trial counsel, and counsel needed time to review the transcript from the criminal trial. Britt argued that for these reasons, the court should consider his supplemental brief to avoid manifest injustice, discussing the manifest injustice standard.

The district court granted the State's motion and summarily denied Britt's K.S.A. 60-1507 motion as untimely. Britt appealed this decision. For the first time on appeal, he argued that his appointed K.S.A. 60-1507 counsel was ineffective for failing to raise the issues he wanted to present, and to argue manifest injustice to excuse the late filing of the supplemental brief. See *Britt I*, 2015 WL 7693682, at *2. None of these arguments related to experts at trial. Our court affirmed the district court, but rather than deciding the case solely on the untimeliness of Britt's motion, our court addressed the merits of the arguments raised in the supplemental brief. See *Britt I*, 2015 WL 7693682, at *2-7. This court found that if

> "appellate counsel had raised these additional claims of prosecutorial misconduct, the outcome of Britt's direct appeal would not have been different. And if Britt's K.S.A. 60-1507 counsel had raised and argued these additional claims of prosecutorial misconduct in Britt's supplemental motion, the outcome of that motion would have been unchanged." 2015 WL 7693682, at *7.

Our Supreme Court denied Britt's petition for review and the mandate issued on December 23, 2016.

3

*Second K.S.A. 60-1507 motion*

On August 26, 2016, Britt filed a second K.S.A. 60-1507 motion. He again raised arguments relating back to his criminal trial, claiming that the district court abused its discretion by preventing his expert witness from providing rebuttal testimony. He also claimed that his trial counsel was ineffective by failing to: investigate, object to the district court's abuse of discretion, challenge the reliability of the victim, and challenge the State's expert witness and the interview techniques of the victim's initial interviewer.

The State moved to dismiss Britt's motion as time-barred and successive. The State argued Britt's K.S.A. 60-1507 motion was filed three years too late, since the Supreme Court's mandate denying his direct appeal of his conviction and sentence was filed in November 2012. The State also claimed the motion was successive as these issues should have been raised in his first K.S.A. 60-1507 motion.

The district court summarily denied Britt's second 60-1507 motion, finding Britt failed to establish manifest injustice to overcome the untimely filing of his second motion, and no exceptional circumstances were shown to overcome the successive motion.

Britt timely appealed the district court's summary dismissal. In July 2019, this court found Britt had failed to establish manifest injustice to overcome the untimely filing of his second K.S.A. 60-1507 motion and affirmed the district court decision. See *Britt v. State*, No. 119,638, 2019 WL 3367861, at *2 (Kan. App. 2019) (unpublished opinion) (*Britt II*). Our Supreme Court denied review of the decision and the mandate issued on October 14, 2020.

*Third and present K.S.A. 60-1507 motion*

On January 13, 2022, Britt filed his third and present K.S.A. 60-1507 motion. He argued the court should review the merits of his claim to avoid manifest injustice because his conviction was based on false and unreliable evidence, and because his first K.S.A. 60-1507 counsel was ineffective. He also claimed he was actually innocent because the State concealed material evidence favorable to Britt during trial, including evidence to impeach the State's expert, Stephanie Strout, and evidence impeaching the victim's credibility.

The State again moved to dismiss Britt's motion, arguing that the motion was time-barred and successive. The State contended that Britt failed to show manifest injustice to justify filing his third K.S.A. 60-1507 motion out of time. The State also argued that Britt's motion was successive because he could not establish exceptional circumstances that warranted consideration of his evidentiary challenges.

The district court granted the State's motion and summarily denied Britt's third K.S.A. 60-1507 motion, finding he failed to establish manifest injustice because he provided no explanation of why his motion was filed so belatedly, and he did not present a colorable claim of actual innocence. The district court also found Britt's motion was successive, as his claims were previously raised, or could have been raised, in his second K.S.A. 60-1507 motion.

Britt timely appeals.

ANALYSIS

1. *The district court did not err by summarily denying Britt's motion as untimely.*

As to the timeliness issue, Britt concedes that this third K.S.A. 60-1507 motion was filed outside the one-year statutory limitation. But Britt maintains that he demonstrates that manifest injustice would result if he could not pursue his motion, and he presents a colorable claim of actual innocence. Accordingly, Britt claims the district court erred by summarily dismissing his motion and this case should be remanded for an evidentiary hearing.

A. *Applicable legal principles and standard of review*

The civil procedure for a prisoner to challenge the legitimacy of a criminal conviction or sentence on constitutional or jurisdictional grounds is outlined in K.S.A. 60-1507. A prisoner has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2021 Supp. 60-1507(f)(1). The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(2). Because Britt concedes his current motion under K.S.A. 60-1507 was untimely filed—beyond that one year—he must show manifest injustice to overcome the time bar. *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019).

Our Supreme Court previously applied the definition of "[m]anifest injustice" from other contexts to K.S.A. 60-1507 claims, describing it as "'obviously unfair' or 'shocking to the conscience.'" *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011). But effective July 1, 2016, the Legislature amended K.S.A. 60-1507(f)(2) to define manifest injustice. L. 2016, ch. 58, § 2. The law now states that courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation

6

or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2021 Supp. 60-1507(f)(2)(A).

The same statute defines "actual innocence" to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2021 Supp. 60-1507(f)(2)(A). Courts are mandated to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(3).

A district court facing a K.S.A. 60-1507 motion has three options:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

When the district court summarily dismisses a K.S.A. 60-1507 motion, as we have here, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). This court owes no deference to the district court. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

B.  *Britt fails to show a legitimate excuse for filing late.*

As stated above, one of the two ways to demonstrate manifest injustice resulting from the one-year filing limitation is to establish a legitimate excuse for the delay in filing. To establish the requisite excuse, Britt argues that his first 60-1507 counsel was ineffective, and this ineffectiveness demonstrates manifest injustice. Britt claims this court has only addressed this ineffectiveness as to the untimely filing of the supplemental brief in his first K.S.A. 60-1507 motion but has not addressed his allegations of his first 60-1507 counsel's other failings—specifically, her failure to address the ineffective assistance of his trial counsel. He argues it would be manifest injustice to limit him to just one opportunity to challenge his trial counsel's performance when his postconviction counsel was ineffective.

Although movants do not have a constitutional right to effective assistance of legal counsel in an action under K.S.A. 60-1507, Kansas provides a conditional right to counsel protected by statute. See *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009). Once counsel has been appointed in a postconviction matter, the appointment should not be a useless formality, meaning that appointed counsel has a duty to provide effective representation. *Mundy v. State*, 307 Kan. 280, 295, 408 P.3d 965 (2018). If proven, ineffective assistance of counsel is a valid excuse entitling the movant to file a motion out of time. See *Brown v. State*, 278 Kan. 481, 484-85, 101 P.3d 1201 (2004); *Penn v. State*, 38 Kan. App. 2d 943, 947-48, 173 P.3d 1172 (2008).

But our court has already considered whether Britt's first 60-1507 counsel was ineffective in *Britt I*. There, another panel of our court assumed for the sake of argument that his first postconviction counsel was ineffective and analyzed whether Britt's "underlying claims of prosecutorial misconduct during closing argument have merit and the effective assertion of those claims would have led to a more favorable outcome of his direct appeal." *Britt I*, 2015 WL 7693682, at *2. Our court ultimately determined that

8

even if Britt's postconviction counsel had made these arguments, the outcome of his first K.S.A. 60-1507 motion would not have changed. 2015 WL 7693682, at *7. So, the court analyzed the instances of prosecutorial misconduct at trial raised in Britt's supplemental 60-1507 motion and then went on to examine those prosecutorial misconduct claims that postconviction counsel failed to raise. 2015 WL 7693682, at *2-7. The court found that "if Britt's K.S.A. 60-1507 counsel had raised and argued these additional claims of prosecutorial misconduct in Britt's supplemental motion, *the outcome of that motion would have been unchanged*." (Emphasis added.) 2015 WL 7693682, at *7.

Britt, however, now claims it would still be manifest injustice for this court not to address the merits of his current motion because his first 60-1507 counsel's ineffectiveness for failing to argue his trial counsel's ineffective assistance was never addressed. In his current K.S.A. 60-1507 motion and his pro se supplemental brief, Britt argued his trial counsel was ineffective on various grounds and postconviction counsel's failure to address these deficiencies amounts to ineffective assistance which would result in manifest injustice if Britt is not allowed to bring those claims. This argument, however, does not provide any explanation for the delay in filing his motion.

Britt fails to explain in his briefing on appeal, his present K.S.A. 60-1507 motion, or his memorandum in support, why this motion could not have been filed within the statutory one-year time limit. The one-year clock for Britt to file a timely challenge to his first 60-1507 counsel's performance started when the mandate was issued from the denial of his first K.S.A. 60-1507 motion. See *Rowell v. State*, 60 Kan. App. 2d 235, Syl. ¶ 3, 490 P.3d 78 (2021).

The Kansas Supreme Court's mandate denying review of his appeal in *Britt I* was issued on December 23, 2016. Consequently, Britt would have had until December 23, 2017, to file a timely subsequent K.S.A. 60-1507 motion raising ineffective assistance of counsel claims against his first postconviction counsel. But his second K.S.A. 60-1507

9

motion did not raise the performance of his first 60-1507 counsel as an issue at all—that second motion only addressed the actions of his direct appellate counsel. Because he did not raise the ineffective assistance claim against his first postconviction counsel there, his second 60-1507 motion did not preserve the issue for this third 60-1507 motion, so his second motion is irrelevant to the timeliness calculation of his current K.S.A. 60-1507 motion. See *Ebihara v. State*, No. 125,877, 2025 WL 946033, at *6 (Kan. App. 2025) (unpublished opinion) (discussing that K.S.A. 60-1507[f][1][C] and this court's pre-amendment ruling in *Rowell* only allows the extension of the one-year time frame when an ineffectiveness claim is raised against a previous K.S.A. 60-1507 counsel), *petition for rev. filed* April 30, 2025. And, even if Britt's second motion was not excluded from the relevant timeframe, his third motion was not filed until January 13, 2022—15 months after the mandate issued on his second motion on October 14, 2020. This is beyond the time limitations set out in K.S.A. 60-1507(a).

The mere fact that his earlier motion did not include the arguments he now seeks to present is not a sufficient basis to excuse his delay. In fact, had the actions of his first postconviction counsel been so egregious as to support a second motion, Britt had the opportunity to present as much in his second motion. But he ignores that his claims could have been previously advanced.

Britt does not clarify why it took him so long to file this current motion and makes no causal connection between his first K.S.A. 60-1507 counsel's claimed deficiencies and his belated filing of this third motion. He fails to establish excusable delay and, accordingly, does not demonstrate manifest injustice would result from preventing his motion from proceeding.

10

C. *Britt does not establish a colorable claim of actual innocence.*

In the alternative to excusable delay, Britt also asserts he made a colorable claim of actual innocence by presenting a never before offered letter from Dr. Donald Peghee, Jr., a doctor of Obstetrics and Gynecology. He claims favorable evidence was concealed by the State to obtain his conviction and Dr. Peghee's new letter supports his theory that the victim's claims were false. If the jury had been provided with this evidence, he argues it would have challenged the veracity of the victim's testimony and created reasonable doubt for the jury.

To successfully allege a colorable claim of actual innocence, Britt must establish that it is more likely than not that no reasonable juror would have convicted him considering the new evidence. K.S.A. 2021 Supp. 60-1507(f)(2)(A). Our Supreme Court in *Beauclair* adopted the United States Supreme Court's distinction between substantive and procedural actual innocence claims, when applied under Kansas habeas corpus law. 308 Kan. 296-99.

In a substantive claim of actual innocence, the movant presents newly discovered evidence proving he or she is actually innocent, which would make the crime of conviction intolerable "'even if the proceedings that had resulted in his conviction and sentence were entirely fair and error free.'" 308 Kan. at 297-98 (quoting *Schlup v. Delo*, 513 U.S. 298, 314, 115 S. Ct. 851, 130 L. Ed. 2d 808 [1995]). In a procedural innocence claim, more commonly referred to as the "gateway" actual innocence claim, a movant declares he or she was denied the full protection afforded to criminal defendants by the constitution, including claims of ineffective assistance of counsel or prosecutorial error. *Beauclair*, 308 Kan. 284, Syl. ¶ 1.

Here, Britt does not argue his trial was entirely fair and error free. Because he claims that errors by his counsel and the State during trial resulting in the withholding of

favorable evidence, he presents a procedural actual innocence claim based on new evidence. Again, Britt must "show it is more likely than not that no reasonable juror would have convicted [him]" considering this new evidence, in order for his gateway innocence claim to succeed. K.S.A. 2021 Supp. 60-1507(f)(2)(A).

In this third K.S.A. 60-1507 motion, Britt presented a sundry of actual innocence claims regarding his trial counsel's alleged deficient performance. But on appeal, he narrows his argument to just one piece of evidence he asserts is "new." Britt contends the State concealed favorable evidence during the trial and presents the letter from Dr. Peghee as fresh evidence that will demonstrate his innocence. Britt argues that he was convicted on the victim's testimony, and the State's expert testified there was no physical evidence of the victim's trauma. Britt now claims the opinion from Dr. Peghee—that physical trauma in victims usually takes seven days to several weeks to heal—could have changed a juror's mind because it undercuts the State's expert testimony by showing the victim's lack of trauma was unusual.

Britt also generally presented this issue in his second 60-1507 motion. There, he claimed his trial counsel and appellate counsel were ineffective for not securing expert testimony to refute the State's expert witness' testimony that 98% of victims do not show signs of trauma after 72 hours.

Addressing Britt's new evidence argument on the present motion, the district court found that this topic—that his trial counsel did not dispute the State's expert testimony and failed to present competing evidence—was already considered in his previous K.S.A. 60-1507 motion. This is accurate—when the district court examined Britt's second 60-1507 motion, that court found Britt's argument that his trial counsel was ineffective for failing to challenge Strout's testimony unpersuasive. The district court held the issue was not the crux of the case and whether physical trauma was present was irrelevant because the medical examination of the victim took place months after the actual abuse. The court

12

denied Britt's second K.S.A. 60-1507 motion, concluding that Britt was not prejudiced and there was no reasonable probability that the result of the trial would have been different had Britt's trial counsel approached the evidence differently.

Now, on his third motion, the district court noted that his earlier argument related to the same topic failed and accordingly found that Britt presented no new evidence to show a colorable claim of actual innocence.

The district court was correct. Britt does not present any truly "new" evidence that he has not previously asserted. The only evidence that Britt presents as new in his present motion is Dr. Peghee's undated letter. In the letter, Dr. Peghee provides a broad statement—not specifically related to this victim or case—that in most instances, trauma to the vulvar, vaginal, or anal region takes seven days to several weeks to heal. Britt relies on this statement to claim that it rebuts the State's expert testimony from Strout, who testified that 98% of children reporting sexual abuse do not show physical trauma after 72 hours following the assault.

During trial, Britt's defense counsel cross-examined Strout and directly questioned the foundation for that statement. And, during the appeal of Britt's second K.S.A. 60-1507, our court considered whether the "attorney representing Britt at trial did a poor job of cross-examining the State's expert witness and a poor job of presenting competing expert-opinion evidence." *Britt II*, 2019 WL 3367861, at *2. In this opinion, our court did "not believe Britt's presentation [was] enough to pass through the gateway test of showing actual innocence so as to merit further review of his habeas claim." *Britt II*, 2019 WL 3367861, at *2.

Now, Britt tries to take a second run at the same argument in his present K.S.A. 60-1507 motion. Although he has presented Dr. Peghee's letter as new evidence on this argument, the letter does not help his cause. The letter is overly broad and has no

13

relationship to the victim or underlying facts of Britt's crime of conviction. Dr. Peghee did not examine the victim or state any knowledge of the facts relating to this victim to substantiate his medical opinion. He even emphasized that pediatric trauma should always be handled with care and alleged victims should be evaluated by a well-trained obstetrics or gynecology physician, in a clinic or a hospital examination room—which he apparently has not done in this case.

Actually, Dr. Peghee's letter corroborates Strout's testimony that 98% of children subjected to sexual abuse show no physical trauma. The letter states that "[p]ediatric trauma involving the vulvar, vaginal, or anal region occurs in a small percentage of children," which does not contradict Strout's testimony. His letter merely suggests that if there is trauma it can take seven days to several weeks for injury to heal, depending on the severity and source of the injury—from an accident or an assault. This also validates Strout's trial testimony that the healing of the trauma varies depending on the severity of the initial trauma. Most damaging to the impact of Dr Peghee's letter is that the medical examination of the victim in this case occurred in January 2008 and the last date of abuse was alleged to be September 30, 2007. Because the physical examination of this victim occurred about four months after the last date of alleged sexual abuse, we cannot see how Dr. Peghee's statement would have had any bearing on the outcome of the trial. Accordingly, even if Dr. Peghee's undated letter is "new," in that it was not previously presented in this case, it does not constitute evidence which is necessarily favorable to Britt.

Britt fails to demonstrate that it is more likely than not that a reasonable juror would not have convicted him in light of this evidence which neither contradicts what happened at trial nor differs significantly from the arguments presented in his prior motion. K.S.A. 2021 Supp. 60-1507(f)(2)(A). As a result, Britt does not demonstrate actual innocence.

14

D. *Conclusion: Britt's motion is untimely.*

Because Britt demonstrated neither excusable delay nor a colorable claim of actual innocence, he is unable to demonstrate manifest injustice under K.S.A. 60-1507(f)(2)(A). On review of the motion, files, and records of the case, we affirm the district court's summary dismissal of his third 60-1507 motion because it is untimely. *Beauclair*, 308 Kan. at 293.

2. *The district court did not err in summarily denying Britt's third K.S.A. 60-1507 motion as successive.*

The district court also denied Britt's motion, finding it was successive under K.S.A. 60-1507(c). Because "successiveness poses an independent obstacle to consideration of the substantive merits of" Britt's motion, we continue to address the district court's decision on this basis. *Beauclair*, 308 Kan. at 304.

A. *Applicable legal standards*

Under K.S.A. 60-1507(c), "a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." *Beauclair*, 308 Kan. at 304; see Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. at 237). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013).

To avoid the dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. *Beauclair*, 308 Kan. at 304. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a prior K.S.A. 60-1507 motion. 308

15

Kan. at 304. Exceptional circumstances can also include ineffective assistance of counsel claims and a colorable claim of actual innocence. 308 Kan. at 304-05 (discussing a colorable claim of actual innocence and "counsel's omission" as potential bases to avoid a finding of successiveness).

B. *Britt fails to establish exceptional circumstances.*

Britt provides little information to overcome the procedural bar of successiveness. He simply maintains that his present K.S.A. 60-1507 motion should be considered a first motion because he never had the opportunity to be heard on the merits of these claims. He reasons that the ineffective assistance of his first postconviction counsel created an exceptional circumstance that resulted in the dismissal of his claims against his trial counsel, and because his second 60-1507 motion was summarily denied, he has never been offered the chance to litigate these claims.

Britt cites *Nichols v. State*, No. 123,043, 2021 WL 5445354 (Kan. App. 2021) (unpublished opinion) in support of his argument. In *Nichols*, our court concluded that in his second 60-1507 motion, Nichols' claims of ineffective assistance by his counsel in his first K.S.A. 60-1507 proceedings were not successive and remanded the case for further consideration by the district court. 2021 WL 5445354, at *4. But we find the events that occurred in *Nichols* distinguishable from Britt's case. In *Nichols*, there was no issue of timeliness, but only successiveness. Our court found Nichols' second 60-1507 motion was "not successive because the grounds for relief—the claimed ineffectiveness of Nichols' counsel in his first K.S.A. 60-1507 motion—[had] not already 'been determined on the merits against [him] in a prior motion,'" and found that "[t]he category of 'unusual events' described in [*State v.*] *Mitchell*[, 284 Kan. 374, Syl. ¶ 5, 162 P.3d 18 (2007)], is sufficiently broad to include claimed ineffective assistance of counsel in a prior K.S.A. 60-1507 proceeding." 2021 WL 5445354, at *4. Nichols had never before made claims against his first 60-1507 counsel.

But such is not true here. As described in detail, the present motion is Britt's *third* motion, and not only did the appellate court presume the ineffectiveness of his first 60-1507 counsel in deciding his first motion on its merits, Britt also had an opportunity to bring claims against his first 60-1507 counsel in his second 60-1507 motion. But he fails to explain why he did not, and as such, we need not consider his present motion absent his justification for this failure. *Trotter*, 296 Kan. 898, Syl. ¶ 2. These facts do not rise to the level of "unusual events" which establish exceptional circumstances. *Beauclair*, 308 Kan. at 304. And, as discussed above, he fails to establish a colorable claim of actual innocence which could potentially support his claim of exceptional circumstances.

As a result, because Britt cannot show exceptional circumstances to excuse his successive K.S.A. 60-1507 motion, the district court's conclusion was not erroneous.

Affirmed.