NOT DESIGNATED FOR PUBLICATION

No. 128,229

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT K. FERGUSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Cowley District Court; CHRISTOPHER SMITH, judge. Oral argument held February 11, 2026. Opinion filed May 1, 2026. Affirmed.

*Steven D. Alexander*, of Kansas City, for appellant.

*Ian T. Otte*, deputy county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.


PER CURIAM:  This appeal involves Robert K. Ferguson's second motion for habeas corpus relief under K.S.A. 60-1507 following his criminal convictions in 1998. After our court affirmed his convictions, Ferguson filed a motion for habeas corpus relief under K.S.A. 60-1507 that the district court denied. Initially, Ferguson did not appeal the denial of his motion, but 10 years later he sought to reopen the original habeas corpus proceeding with new counsel. The district court found the attempt untimely. Ferguson appealed, and we affirmed the district court's reasoning on the timeliness of the attempt to reopen the proceedings. Just under a year later, Ferguson filed a second motion for relief under K.S.A. 60-1507, alleging ineffective assistance of both trial counsel and counsel in

1

his previous habeas corpus proceeding. The district court summarily denied Ferguson's motion as untimely and concluded his claims lacked merit, which Ferguson now appeals. On our review, we agree with the district court's conclusion that Ferguson's second habeas motion is untimely and affirm the dismissal of his claims.

FACTUAL AND PROCEDURAL BACKGROUND

Following a trial, a jury in Cowley County convicted Ferguson of aggravated burglary, aggravated kidnapping, and rape. The evidence presented at trial demonstrated that a man broke into the home of the victim, bound and gagged her, and raped her. Because the perpetrator wore a mask, the victim could not identify the perpetrator. Circumstantial evidence and subsequent DNA testing, however, tied Ferguson to the crime. *State v. Ferguson*, No. 82,640, 2000 WL 36746270, at *1 (Kan. App. 2000) (unpublished opinion) (*Ferguson I*).

Before trial, Ferguson's attorney challenged the admissibility of the DNA evidence under *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) (establishing admissibility of scientific opinion testimony based on general acceptance of the methodology within the particular scientific community), arguing that the mitochondrial DNA testing conducted in the case was not a generally accepted method of DNA testing. Although the district court's order on the motion does not appear in this appellate record, the court admitted the DNA and so presumably found the method used to conduct the testing met with established scientific standards.

On direct appeal following his convictions, Ferguson again challenged the DNA evidence, arguing that the State could not rule out the possibility of cross-contamination of the DNA results. Ferguson also challenged his aggravated kidnapping conviction, arguing that the confinement of the victim was integral to the rape and not the basis for an independent crime. Finally, Ferguson appealed some of the State's comments in

2

closing arguments. A panel of this court found no reversible error and affirmed Ferguson's convictions. *Ferguson I*, 2000 WL 36746270, at *5. The Kansas Supreme Court denied Ferguson's petition for review, and the appellate court mandate was issued on September 28, 2000.

On March 4, 2004, Ferguson filed his first motion for habeas corpus relief under K.S.A. 60-1507. Ferguson retained Michael S. Holland Sr. to prosecute his habeas corpus petition. Holland raised multiple allegations of ineffective assistance of counsel by Ferguson's trial counsel. In conjunction with his motion for habeas corpus relief, Ferguson's counsel separately moved to conduct independent DNA testing of the State's evidence. The court granted the request for independent testing. The DNA test results do not appear to be part of the record, but the district court released the results to the parties. The results were not favorable to Ferguson.

At Holland's request, the district court continued a hearing on Ferguson's habeas corpus motion several times, waiting for the results of the independent DNA testing. The DNA test results became available in November 2006. When the hearing on Ferguson's habeas corpus motion was finally scheduled for February 28, 2007, Holland's health was poor. Holland failed to appear for the scheduled hearing. On March 2, 2007, the district court issued its written order denying Ferguson's request for habeas corpus relief. Still, on May 8, 2007, Holland communicated with Ferguson's sister, suggesting that the case was still open.

After Holland died in June 2007, Ferguson's sister contacted his law firm to check on the status of her brother's case. Holland's son responded, informing her that the firm was unsuccessful with Ferguson's case and that his father had died. Holland's son sent Ferguson's sister the files in the case at her request and with the consent of Ferguson.

3

Ferguson eventually retained new counsel, who, nearly 10 years after the court's previous ruling, filed a motion on January 20, 2017, to reconsider the ruling that dismissed Ferguson's motion for habeas corpus relief. Counsel argued that Ferguson's motion was prejudiced by Holland's failure to appear for the scheduled hearing. The district court held two hearings. At the first hearing—on August 11, 2017—Ferguson's counsel reduced the claims of ineffective assistance of counsel against prior K.S.A. 60-1507 counsel (Holland) to five issues. After reviewing the case, the district court informed the parties it wished to entertain an evidentiary hearing. This hearing—held on January 25, 2019—presented testimony from Ferguson, a local attorney, and the original trial counsel for Ferguson.

Ferguson's testimony at that hearing is important. He testified that his sister reviewed the records received from the Holland law firm in 2009, and those records remained in her possession until late 2015 or early 2016, at which time Ferguson began his own review of the firm's records. Ferguson reviewed the records because another inmate began helping him with a review of his case. He testified that, until that time, he had believed his case was dismissed on its merits—not that his claims were abandoned—and he was not aware that Holland had not appeared at the February 2007 hearing. Ferguson testified that he was neither notified of the February 2007 hearing nor was he notified of the result of that hearing.

Yet Ferguson also testified that he received a packet from his attorney after the 2007 hearing that his prison unit director brought to him and asked him to sign it so that it could be returned to the lawyer. Ferguson admitted that he signed it but he "shouldn't have; [he] didn't read it." That document "said [his case] was dismissed." Ferguson also testified that from 2009 to 2016, "nothing happened." The district court asked Ferguson whether he was aware, between 2009 and 2015, whether he knew he had the ability to petition the court for redress at all, and Ferguson answered that he did not, nor did he

4

seek any redress from any court. But it was later revealed that Ferguson filed, in 2013, a motion for injunctive relief on which a hearing was held.

After taking the matter under advisement, on September 26, 2019, the district court issued a new judgment, denying Ferguson's renewed request for habeas corpus relief. The court first concluded that Ferguson's motion to reconsider was untimely and denied the motion. Even so, the court addressed several of Ferguson's claims of ineffective assistance of counsel, ultimately finding no basis for relief in the claims.

Ferguson again appealed to this court. *Ferguson v. State*, No. 122,209, 2021 WL 2386041 (Kan. App. 2021) (unpublished opinion) (*Ferguson II*). Our court's decision was limited to considering whether the district court properly dismissed the motion to reconsider as untimely. Ultimately, we found that the district court properly dismissed the motion as untimely and did not reach the merits of the claims of ineffective assistance of counsel. 2021 WL 2386041, at *2-4. The mandate for *Ferguson II* was issued on July 20, 2021.

On May 26, 2022, counsel filed another motion for habeas corpus relief under K.S.A. 60-1507 on Ferguson's behalf. Ferguson's sole claim for relief was the ineffective assistance of Holland in failing to appear for the February 28, 2007 hearing. Ferguson also alleged that Holland failed to timely notify Ferguson and his sister that the district court had dismissed his claims due to Holland's failure to attend the hearing.

The State sought to dismiss the new motion, arguing that Holland's failure to appear at the hearing was previously litigated when Ferguson filed his motion to reconsider the ruling on the initial habeas corpus motion. Ferguson responded that the issue of Holland's failure to appear at the hearing was previously litigated but argued that Holland's overall ineffectiveness was not litigated.

The district court denied Ferguson's habeas corpus motion without a hearing and Ferguson timely appealed from that judgment. Then the district court withdrew its order and reissued another order denying Ferguson's motion. Ferguson filed another notice of appeal.

### THE DISTRICT COURT DID NOT ERR IN DENYING FERGUSON'S SECOND HABEAS CORPUS MOTION WITHOUT AN EVIDENTIARY HEARING

K.S.A. 60-1507 provides a civil procedure for challenging the legitimacy of a criminal conviction or sentence on constitutional grounds. See *State v. Mitchell*, 297 Kan. 118, 121, 298 P.3d 349 (2013) (finding K.S.A. 60-1507 provides the exclusive statutory remedy to collaterally attack a criminal conviction and sentence). Even so, prisoners are required to comply with specified requirements in order to pursue claims under this section.

Here, Ferguson faces potential procedural obstacles to this court's consideration of his motion under the circumstances presented in this case. First, K.S.A. 60-1507 imposes a procedural obstacle to a prisoner bringing more than one proceeding to collaterally challenge the same criminal proceeding. K.S.A. 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."); Kansas Supreme Court Rule 183(d) (2026 Kan. S. Ct. R. at 241) ("A sentencing court may not consider a second or successive motion for relief by the same movant . . . ."). Moreover, a prisoner seeking habeas corpus relief under K.S.A. 60-1507 must file his or her claims within one year from the date the criminal conviction became final. K.S.A. 60-1507(f)(1). Finally, the State contends that Ferguson's claim of ineffective assistance of trial counsel is precluded by the doctrine of res judicata. These possible procedural obstacles are addressed in reverse order.

6

I. *Claim Preclusion*

First, we confront the State's argument that Ferguson's claim of ineffective assistance of his original trial counsel, which he continues to assert in this appeal to try to establish the prejudice required to show his prior K.S.A. 60-1507 counsel was ineffective, is barred by claim preclusion (res judicata) because the district court addressed the claim when ruling on Ferguson's motion to reconsider the 2007 judgment on his first habeas corpus motion under K.S.A. 60-1507. Ferguson did not file a reply brief to address this argument.

Claim preclusion, also known as res judicata, is an affirmative defense that must be raised in a party's responsive pleading or is waived. K.S.A. 60-208(c); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 262, 261 P.3d 943 (2011). While the State's motion to dismiss Ferguson's current habeas corpus proceeding did not use the terms claim preclusion or res judicata, it argued that the allegations for ineffective assistance of counsel Ferguson seeks to raise in this proceeding were litigated in the proceeding to reconsider the 2007 denial of his first habeas corpus motion. This statement is sufficient to raise the issue of claim preclusion.

Whether claim preclusion applies is a question of law subject to unlimited review. *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023). The proponent of the affirmative defense of claim preclusion must establish four elements: (1) a prior proceeding involving the same central facts; (2) the prior litigation involved the same parties; (3) the claim raised in the present proceeding was or could have been raised in the prior litigation; and (4) the prior litigation resulted in a final judgment on the merits. See *Moncla*, 317 Kan. at 415; *Bogguess v. State*, 306 Kan. 574, 580, 395 P.3d 447 (2017).

In deciding against Ferguson in his 2017 motion to reconsider, the district court first ruled that the motion to reconsider was untimely. The court, however, also considered the allegations of ineffective assistance of trial counsel and ruled against Ferguson on the merits. At first glance, this would presumably support the State's argument for application of res judicata.

But our own court's decision in *Ferguson II* alters the analysis. In its opinion, our court did not reach the merits of Ferguson's claim of ineffective assistance of his trial counsel. By affirming the district court's dismissal of the motion to reconsider as untimely—although on different grounds, our opinion caused the district court's decision on the merits to become judicial dictum. See *Jamerson v. Heimgartner*, 304 Kan. 678, 686, 372 P.3d 1236 (2016) ("Judicial dictum is an expression of opinion on a question directly involved in a particular case, argued by counsel, and deliberately ruled on by the court, although not necessary to a decision. While not binding as a decision, judicial dictum is entitled to greater weight than obiter dictum and should not be lightly disregarded.").

On appeal from the district court's denial of Ferguson's motion to reconsider, this court concluded that Ferguson's motion to reconsider should have been construed as a motion for relief from judgment under K.S.A. 60-260(b). *Ferguson II*, 2021 WL 2386041, at *3. The *Ferguson II* court then addressed whether Ferguson's K.S.A. 60-260(b) motion was brought within a reasonable time. Determining that it had not been brought within a reasonable time, the court affirmed the district court's dismissal, implying that the district court lacked jurisdiction to consider the claim of ineffective assistance of trial counsel on its merits. *Ferguson II*, 2021 WL 2386041, at *4. Consequently, *Ferguson II*—despite the district court addressing each allegation of ineffective assistance of trial counsel—was not a decision on the merits. See *In re Johnson*, 32 Kan. App. 2d 525, 531, 85 P.3d 1252 (2004) (dismissal for lack of jurisdiction not a decision on the merits but conclusive as to question of jurisdiction).

8

Under the circumstances of this case, the doctrine of claim preclusion does not bar Ferguson's habeas corpus motion under K.S.A. 60-1507 seeking relief from alleged ineffective assistance of trial counsel.

## II. *Timeliness*

Even if not precluded otherwise, we must examine the timeliness of Ferguson's current motion. His present motion—his second K.S.A. 60-1507 motion—was filed May 26, 2022, and in large part claimed ineffective assistance by Holland in his first K.S.A. 60-1507 proceeding.

In *Rowell v. State*, our court explained that "Rowell's one-year period for filing a second 60-1507 to challenge his counsel's representation in his first 60-1507 proceeding began when the mandate issued on that first 60-1507 motion. To do otherwise would deprive a movant of any way to raise a claim of ineffective assistance of 60-1507 counsel." 60 Kan. App. 2d 235, 241, 490 P.3d 78 (2021).

The one-year limitation may be extended by the district court only to prevent a manifest injustice. K.S.A. 60-1507(f)(3) ("If the court . . . determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice, the district court must dismiss the motion as untimely filed."). Because Ferguson filed this K.S.A. 60-1507 motion after July 1, 2016, the legislative definition of "manifest injustice" applies. See *Sherwood v. State*, 310 Kan. 93, 100, 444 P.3d 966 (2019).

"[(f)](2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual

9

innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 60-1507(f)(2).

Summarized, the statute allows a district court to consider an untimely habeas corpus motion under K.S.A. 60-1507 when the movant demonstrates a legitimate reason for being unable to file the motion within the one-year limitations period—that is, an excusable delay—or when the movant presents a colorable claim for actual innocence.

A. *No Excusable Delay*

Prisoners in Kansas have a conditional right to counsel. Because of this, they have a right to the effective assistance of such counsel, and a successful claim of ineffective counsel may provide the showing of manifest injustice necessary to toll the one-year limitations period. See *Penn v. State*, 38 Kan. App. 2d 943, 947-48, 173 P.3d 1172 (2008); *Underwood v. State*, No. 126,503, 2025 WL 1720488, at *6 (Kan. App. 2025) (unpublished opinion) ("While a collateral attack based on ineffective assistance of counsel in an original K.S.A. 60-1507 proceeding might constitute manifest injustice to extend the one-year time limitation, the collateral attack must itself be timely."); *Pouncil v. State*, No. 98,276, 2008 WL 2251221, at *6 (Kan. App. 2008) (unpublished opinion) ("Where a timely pursuit of statutory appeal rights has been frustrated by the incompetent representation of counsel, a manifest injustice would result from the application of a procedural bar to a subsequent attempt to remedy the lost appeal right.").

Here, Ferguson claims that Holland's representation was deficient because he failed to appear for the hearing on Ferguson's first K.S.A. 60-1507 motion. Ferguson contends, then, that Holland's claimed ineffectiveness justifies tolling the one-year limitation, under K.S.A. 60-1507(f)(1) and our court's decision in *Rowell*.

Still, even if a movant establishes that ineffective assistance of prior K.S.A. 60-1507 counsel justifies tolling the one-year limitation, the movant is not entitled to an unlimited amount of time to bring a subsequent motion. Panels of our court have discussed what equates to a reasonable amount of time to bring a motion challenging prior K.S.A. 60-1507 counsel's effectiveness. See *Underwood*, 2025 WL 1720488, at *6; *Ray v. State*, No. 105,548, 2012 WL 309089, at *3 (Kan. App. 2012) (unpublished opinion) ("Our court has considered cases similar to Ray's and has twice concluded that an untimely request for habeas review would not be considered when there was a considerable delay in seeking review based on an attorney's failure in an earlier habeas action to file a timely petition for review in the Kansas Supreme Court."); *State v. Cox*, No. 104,292, 2011 WL 6382755, at *3-4 (Kan. App. 2011) (unpublished opinion) (finding no manifest injustice to excuse time limit given unexplained, three-year delay in seeking habeas review of attorney's error); *Pouncil*, 2008 WL 2251221, at *7 (considering timeliness of manifest injustice claim in determining propriety of relief). In *Rowell*, our court clarified that this reasonable amount of time cannot exceed another year. 60 Kan. App. 2d at 241.

Ferguson argues that he appropriately brought this action within one year of the conclusion of his prior habeas corpus proceedings, pointing to the mandate issued in *Ferguson II* in 2021. At this point in our analysis, we must clarify the nature of the proceedings addressed by this court in *Ferguson II*.

Ferguson filed his first K.S.A. 60-1507 motion in 2004, which was denied in 2007. Then he styled the motion filed on January 20, 2017, as a "Motion to Reconsider Prior Decision and Final Order." In Kansas, a motion to reconsider is not a procedural vehicle recognized in the codes of criminal or civil procedure. Typically, a court recharacterizes a motion to reconsider as a motion for a new trial or to alter or amend a judgment under K.S.A. 60-259. See *In re Estate of Lentz*, 312 Kan. 490, 497, 476 P.3d 1151 (2020) (treating motion to reconsider as a motion to alter or amend under K.S.A. 60-259). A

11

motion to alter or amend a judgment, however, must be filed within 28 days of the entry of judgment. K.S.A. 60-259(f); *State v. Swafford*, 306 Kan. 537, 540, 394 P.3d 1188 (2017). Under this standard, Ferguson's motion to reconsider filed nearly 10 years after the 2007 judgment was not timely.

Ferguson, who was represented by counsel in his endeavor to reconsider the outcome of his first K.S.A. 60-1607 motion, was not entitled to liberal construction of his pleading. Even so, he argued in *Ferguson II* that the district court should have construed his motion to reconsider as a request to set aside a judgment under K.S.A. 60-260(b). Our court agreed and characterized the motion to reconsider as a motion for relief from judgment under K.S.A. 60-260(b). 2021 WL 2386041, at *3. Because the district court denied the motion to set aside the judgment denying Ferguson's first habeas corpus motion, however, the 2007 judgment remained undisturbed. Ferguson's appeal in *Ferguson II* was a collateral challenge to a final judgment, not an appeal from the 2007 judgment.

In other words, Ferguson's appeal in *Ferguson II* was a separate action distinct from the original habeas corpus action filed in 2004. Consequently, while this action was brought within one year of the termination of appellate jurisdiction in *Ferguson II*, *Ferguson II* was a proceeding separate from Ferguson's initial habeas corpus proceeding, the judgment from which was never appealed.

So, for purposes of determining application of the one-year limitation of K.S.A. 60-1507(f), the clock for a second habeas corpus action based on Holland's ineffective assistance began running 30 days after the district court's judgment in 2007. To trigger a new one-year limitation period from the final judgment in *Ferguson II*, Ferguson would need to demonstrate that his counsel in those proceedings—Steven Alexander—provided ineffective assistance of counsel, i.e., that Alexander provided deficient representation in seeking to set aside the 2007 judgment and that the deficient representation somehow

12

prejudiced Ferguson in those proceedings. Ferguson seeks to bootstrap the proceedings in which he sought to set aside the 2007 judgment onto the initial habeas corpus proceedings. If we were to adopt this erroneous position, a movant could avoid the one-year limitation by bringing an excessively late motion to set aside a prior ruling and, when it failed, bring a timely K.S.A. 60-1507 proceeding from the date of the final judgment in the proceeding to set aside a prior court ruling.

The current K.S.A. 60-1507 motion is timely from the termination of the proceedings seeking to set aside the initial habeas corpus judgment, but Ferguson is not challenging the fairness of the representation he received in the proceedings to set aside the 2007 judgment. Instead, Ferguson challenges the representation provided by Holland. But the proceedings in which Holland represented Ferguson ended in 2007.

To avoid this result, Ferguson argues his delay in filing his second K.S.A, 60-1507 motion was excusable because he did not know that Holland failed to attend the 2007 hearing until many years later. But on the facts before us, we must disagree. According to Ferguson's own testimony, he knew his case was dismissed in 2007 when he received a letter from Holland but admitted he had not read the letter. And, the sworn affidavit of Ferguson's sister demonstrates that she knew that Ferguson's initial habeas corpus motion had been denied no later than August 24, 2008, when she received a letter from Holland's son, explaining that they had been unable to obtain relief for her brother. Holland's records were sent to his sister at his request as late as 2009, and Ferguson did not take any action to review those records until 2015 or 2016 at the latest. Certainly, the extent of Holland's failure was known to Ferguson by January 20, 2017, when Alexander filed the motion to set aside the 2007 order, which is still five years before he filed the present K.S.A. 60-1507 motion.

This motion for habeas corpus relief alleging ineffective assistance of prior K.S.A. 60-1507 counsel—Holland—was not filed within one year of the latest date by which

13

Ferguson could have been made aware of Holland's deficient representation—January 20, 2017—the date on which Alexander filed his motion to reconsider the 2007 judgment. Accordingly, without alleging some deficient representation by Alexander in the intervening proceedings, Ferguson has not established that excusable delay warrants tolling the one-year limitation for filing this habeas corpus proceeding.

The district court properly concluded that Ferguson's motion in this proceeding was untimely, and the excusable-delay component of manifest injustice does not warrant tolling the statutory limitation period under the facts presented in this case.

B. *Lack of Actual Innocence*

The second basis for establishing a finding of manifest injustice warranting a tolling of the one-year limitation on a habeas corpus motion under K.S.A. 60-1507 is a claim of actual innocence. A successful claim of actual innocence does not have a reasonableness component and may be brought at any time. See *McQuiggin v. Perkins*, 569 U.S. 383, 399, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (rejecting the notion of a diligence component to an actual innocence claim under federal habeas corpus statutes); *Mullins v. State*, No. 108,713, 2013 WL 5976060, at *4 (Kan. App. 2013) (unpublished opinion) (following reasoning of *McQuiggin*). Accordingly, Ferguson is not barred by the extensive delay in bringing this habeas corpus motion if he can establish manifest injustice through a colorable claim of actual innocence.

But we must note that Ferguson articulated no claim of innocence, either before the district court or on appeal. In fact, the district court found that, "Ferguson made NO claims of actual innocence to this Court then and still continues to make NO claims of actual innocence now." Even now, on appeal, Ferguson still does not articulate procedural innocence or the standards by which we are to consider such a claim. We will not construct arguments on a movant's behalf, and issues not adequately briefed are

14

deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021).

III. *Successiveness*

Successiveness is a more difficult issue. Although Ferguson's current K.S.A. 60-1507 motion primarily makes claims of Holland's ineffectiveness in his prior K.S.A. 60-1507 proceedings, Ferguson also thoroughly addresses claims of his trial counsel's ineffectiveness in this appeal. But because we find Ferguson's motion is untimely, we need not address whether his second motion is also successive.

IV. *Conclusion*

To toll the one-year limitation on habeas corpus motions under K.S.A. 60-1507, Ferguson was required to establish that imposition of the time limitation constituted manifest injustice, either because of excusable delay or a claim of innocence. Ferguson cannot establish an excusable delay under the circumstances of this case, nor does he make a claim of innocence. Because we find his K.S.A. 60-1507 motion untimely, we need not address the potential successiveness of his motion. Given its untimely filing, the district court properly denied Ferguson's motion for habeas corpus relief under K.S.A. 60-1507.

Affirmed.

15